*51
 
 Ruffin, C. J.
 

 The evidence set forth in the exception,
 

 and the questions made upon it, related altogether to the plea of payment, and it is to be regretted, that the form of the verdict does not allow a decision to be made exclusively on those questions, as the Court is of opinion, that the decision in the Superior Court was erroneous. Upon the objection to the competency of Hedgepeth’s declarations, it was incumbent on the Judge to determine;, at least, so far as to say, whether there was such
 
 prima facie
 
 evidence of agency as to render the acts and declarations of Hedgepeth those of the plaintiff. 1
 
 Phil. Ev.
 
 103.
 
 Roberts
 
 v.
 
 Gresley,
 
 3
 
 Carr
 
 v.
 
 Payne
 
 380. It is the province of the Court to pass on every question of the admissibility of evidence. But supposing the submitting the question to the jury to imply a decision, that there was such
 
 prima facie
 
 evidence of agency, then that decision seems to us to be erroneous also. There is no evidence of an authority in Hedgepeth to receive the money. He served the warrant; and that is all. It does not appear, that he ever had in his hands the bond on which the warrant was brought, nor that he held the judgment, when rendered ; and it is expressly stated, that no execution was issued on it. The case on this point is exactly that of
 
 Williams and High
 
 v.
 
 Williamson,
 
 6 Ire. 281. Indeed, the jury were told, that the service of the warrant Was not sufficient to establish the agency. Yet, it was left to them to find it upon “all the circumstances,” when there was no other circumstance relevant to the point. The witness spoke of “some papers” delivered to him by one Sowell, which, he said, he got from Hedgepeth. But Sowell’s declaration was not competent to establish that fact, and, besides, the witness could not say that those papers had any thing to do with this claim. There was, then, no evidence that Hedgepeth collected this debt, nor that he was authorised to collect; and the judgment would be reversed if that were the whole case.
 

 
 *52
 
 But the jury found all the issues for the defendant, as well those on
 
 nil debet
 
 and
 
 pi ene administravit,
 
 as on the plea of payment. Whatever error may have occurred in respect to the last issue, was harmless. The other two pleas constitute independent bars; and no error is suggested in them. Therefore, according to the cases of
 
 Bullock
 
 v.
 
 Bullock,
 
 3 Dev. 260, and
 
 Morrisey
 
 v.
 
 Bunting,
 
 1 Dev. 3, the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.