Ruffin, C. J.
 

 The record contains two exceptions on the part of the State to the admission of evidence offered by the defendant. The first was as to the written assent given by the mother ; which was received to rebut the allegation of secrecy. The other was as to the evidence of the defendant’s continued residence in other parts of the State besides Person, and of the notoriety of the marriage, and of the defendant preaching publicly in Counties adjoining Person.
 

 The guilt of the defendant in
 
 contracting marriage
 
 with a female of tender years, contrary to the statute, seems to be established. Indeed, it was not contested. Supposing the indictment sufficiently' states the
 
 corpus delicti,
 
 without averring that the father had not given his consent in writing, as well as his death, the Court is of opinion the judgment was properly rendered for the defendant upon the special verdict, by force of the act limiting the time in which prosecutions for trespasses and misdemeanors shall be commenced. Two years from the commission of the offence is the period prescribed ; and the grand jury is forbidden to find an indictment, where the offence was committed longer than that period before the bill found. That is subject to two provisos : the one, that, if the offender shall abscond from the County, in which the offence was committed, or conceal himself,
 
 *373
 
 or the offence shall be committed in a secret manner, then the two
 
 years
 
 are allowed after the return or apprehension of the offender, or the discovery of the offence : And the second, that when a prosecution shall be commenced in due time and judgment shall be arrested or a
 
 nolle prosequi
 
 be entered, the two years shall be compu • ted from the termination of the first prosecution.
 

 It is to be remarked, in the first place, that, as seventeen years elapsed between the offence committed and the bill found, the prosecution is barred unless the special verdict find the facts, which, according to the provisos, remove or suspend the bar arising from the time. Here, that is not done ; for, the verdict sets forth divers matters of evidence, from which it was argued and inferred, that the marriage was secret, and that the defendant absconded or concealed himself, instead of finding directly, as it should have done, the secrecy, absconding, or concealment. It is common learning, that a verdict is defective, which finds only the evidence; since the Court cannot draw7 inferences of fact, but only apply the law to facts agreed or found. To authorise judgment for the State, therefore, on the verdict, it ought to have contained direct findings of the necessary facts.
 

 But the case, as we think, is for the defendant, not merely upon the ground of the defects, above spoken of, in the frame of the special verdict, but also because, in truth, the evidence spread out in the verdict would not, in point of law authorise the finding of either of the necessary facts of secrecy, absconding, or concealment. Probably the principle of construction, which was applied to the severe statute of 21 Jac. 1, (making it evidence of murder in the mother of a bastard to conceal its death by-secret burying,) whereby the case was taken out of the enactment, if the mother called for help, or confessed herself with child to even one person, ought not to be adopted, in interpreting the terms “secret” and “conceal” in this
 
 *374
 
 act. But we hold very clearly, that this marriage cannot be deemed secret — celebrated, as it was, with the knowledge of the
 
 feme’s
 
 mother and in the presence of her uncle and other near kins folks, and other persons to the number of seven at least, and by a minister of the gospel with license regularly granted, and, of course, appearing of record. There is a case in point. It is
 
 Hicks
 
 v.
 
 Gore,
 
 3 Mod. 84, founded on the statute of 4 and 5 Ph. & M. ch. 8, to prevent children from being seduced from their parents and married in a secret way; and it was held, that a marriage, openly solemnised in church in canonical hours, in the presence of many persons, was not within the act. This ease is cited with approbation by Mr. East, 1 Cr. L. 457. This marriage was not only solemnised openly, but was immediately declared to the friends of the wife and the public generally, and was not only notorious from such declarations, but the parties cohabited and were generally known as man and wife. There is, moreover, not a circumstance of concealment by the offender, mor,e than there is of secrecy’ in the offence. He always appeared openly in society'', and, as a preacher in a numerous denomination, often exhibited himself! in company’ with his wife, to large assemblages of the members of his church and others. It is true he left the County of Person on the day of the marriage, but not as a fugitive, or to the intent to escape public observation or evade the process of the law. On the contrary, he left Person to return to the settled place of residence both of himself and his wife ; and, besides, habitually met citizens of that County at his church, and during two years frequently passed through the County, preached in it, and visited and sojourned there.
 

 It was, however, said at the bar, that the policy of the act of 1820 forbids a limitation on a prosecution for
 
 the
 
 marriage, as the consequence will generally be, that all the benefits intended for the seduced wife and her issue
 
 *375
 
 will be lost. It may, indeed, often happen that the husband will acquire all the rights in his wife’s property, which he would have had, if he had not violated the law; since the act is so framed, that the Court has been obliged to hold in
 
 Shutt
 
 v.
 
 Carloss,
 
 1 Ire. Eq. 233, that he forfeits his right of property, not by the offence, but by the conviction. But that cannot prevent the application of the limitation, to this as to all other "trespasses and misdemeanors.” Those terms are general, and they embrace all offences except felonies and the misdemeanors express? ly enumerated in the act, namely, perjury, forgery, malicious mischief, and deceit, and such others as may by particular statutes have special limitations of their own. As far as the civil rights of the husband and wife are concerned, it will be easy for the Legislature to provide, if it should be thought meet, by preventing any of her property vesting in him. But it is impossible, for the sake of advancing the pecuniary interest of the wife, to hold that her husband may be prosecuted at any distance of time, in the teeth of a statute, which imposes a limitation of two years upon prosecutions for all offences below felony, except the four aggravated misdemeanors enumerated in the act.
 

 It is unnecessary to sa"y anything upon the exceptions to the admission of the evidence, since, if it were wrong, the judgment could not be reversed, inasmuch as the State cannot have a
 
 venire de novo,
 
 except for a mis-trial, technically speaking, nor have an appeal, except where the Court below improperly refuses to give a judgment for the State upon a general or special verdict.
 

 It is, perhaps, proper that some notice should be taken of the introduction of averments into the indictment, with the view of taking the case out of the Statute of limitations, by bringing it within the proviso. We think it unnecessary and inconvenient. The act does not require a change in the frame of indictments; and this is the first
 
 *376
 
 instance, in which such averments have come under our observation. As the accused, according to the general rule, may avail himself of the statute on not guilty, and without a special plea, it follows that his defence may in like manner be repelled on the part of the State. It is not like a provision in a statute, which enters into the description of an offence, and must, therefore, appear in the indictment. But it is matter of defence a
 
 rising out
 
 of an independant enactment, on which the defendant may insist, upon evidence ; and that opens the matter to the State without any express averment. It is true, the indictment lays the offence more than two years before this bill found. But that cannot alter the rule, because it cannot be told, but that the defendant absconded or concealed himself,or that anotherprosecution was brought in due time so as to authorise a second bill under the second proviso ; and, as the defendant could insist on the time in defence, it is to be presumed, after a conviction by general verdict, that the case was brought within the proviso. This, indeed, does not affect the present case ; Í» which, for the other reasons already stated, the
 
 judgment
 
 must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.