STATE v. LOUIS ALLEN.

(Filed 4 March, 1914.)

1. Trials—Special Verdict—Inferences of Fact—Questions for Jury.

A special verdict which refers to the decision of the judge any fact or inference of fact necessary to the determination of the issue is insufficient in law, and will be set aside.

2. Criminal Law—Arrest Without Warrant—Resistance—Necessary Force—Questions for Jury.

One who is being arrested by the prosecutor, without a warrant, has a right to resist and use all the force which, in the judgment of a jury, was necessary to free himself, on the facts as they reasonably appeared to him at the time.

3. Same—Evidence—Inferences of Fact.

In this case the prisoner was arrested for violating the prohibition law by the prosecutor without a warrant, while driving in a buggy on the highway, and found with from 3 to 5 gallons of intoxicating liquor in his possession. Later the prosecutor held the defendant's pistol in his right hand, and leaned over in the buggy to move the bottles or prevent the loss of them, and while in this position the prisoner cut him several times with a knife, a violent struggle ensued, in which the prosecutor was twice cut, which resulted in the prisoner's submission to be bound and taken to jail, wherein he was incarcerated without either warrant or mittimus. *Held,* it was for the jury to determine whether the prisoner cut the prosecutor in an effort to free himself; and whether it was necessary for such purpose is an inference of fact, likewise for their determination.

APPEAL by State from *Peebles, J.,* at September Term, 1913, of VANCE.

Indictment for assault with a deadly weapon on one William Royster. The jury returned a special verdict acquitting the defendant. The relevant and material facts in such verdict are as follows:

"That William Royster stopped the defendant on the highway along which he was driving and found in the buggy 3 to 5 gallons of liquor. Royster then got in the defendant's vehicle and ordered him to drive on towards Henderson, which defendant did. Royster was not an officer and had no warrant."

The particulars of the assault are thus stated in the special verdict: "After going a mile or so, a suitcase either fell or was pushed by defendant out of the buggy; prosecutor turned the buggy around and recovered it; a little further on defendant pushed or rattled some bottles in the foot of the buggy and was told by prosecutor to stop it, and prosecutor, still holding defendant's pistol in his right hand, leaned over to move or prevent the loss of the bottles, when he was suddenly cut on the back of his neck by the defendant with a knife; a violent scuffle ensued, in which prosecuting witness was cut twice more, under the shoulder and in the back, and the pistol, for which each was struggling, was broken or disconnected; prosecutor then got defendant on the ground and got on top of him and choked him until defendant gave up and submitted to be tied, which prosecutor did with defendant's own belt, and prosecutor then carried defendant 5 or 6 miles and locked him up in the county jail, without warrant or mittimus."

Pursuing the proper form in such cases, the verdict continues as follows: "If his Honor, upon the foregoing findings and special verdict, shall be of opinion that the defendant is guilty of an assault with a deadly weapon upon William Royster, the jury so find; otherwise, we find him not guilty."

Upon the foregoing facts, the court being of opinion the defendant is not guilty, so instructed the jury, and thereupon the jury find that defendant is not guilty. Defendant discharged, and State excepts and appeals.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*T. T. Hicks and A. A. Hicks for defendant.*

HOKE, J. There are at least two authoritative decisions in this State to the effect that, on the trial of a criminal prosecution in the Superior Court, the determinative facts must be found by the jury. They may not be referred to the decision of the judge, even by consent of defendant or his counsel. *S. v. Holt,* 90 N. C., 749; *S. v. Stewart,* 89 N. C., 563. These facts are sometimes presented in the form of a special verdict, but

STATE *v.* ALLEN.

when such procedure is had all the essential facts must be found by the jury; the guilt or innocence of the defendant must follow as a conclusion of the law from the facts found, and a special verdict which refers to the decision of the judge any fact or inference of fact necessary to the determination of the issue is insufficient in law and will be set aside. *S. v. Fenner, ante,* 247; *S. v. McCloud,* 151 N. C., 730; *S. v. Watts,* 32 N. C., 369; Clark's Criminal Procedure, p. 488.

In the case before us, the defendant had been arrested and held without warrant. He had a right to resist and to use all the force which, in the judgment of the jury, was necessary to free himself, on the facts as they reasonably appeared to him. *S. v. Belk,* 76 N. C., 10.

According to the verdict, "the defendant suddenly cut the prosecuting witness with a knife, in the back of the neck, as the latter leaned over to hold the bottles in the buggy," and, in the fight which followed, "he cut the witness twice more, under the shoulder and in the back." Whether the cutting was in the effort to free himself is an open question on the verdict, and whether it was necessary for such purpose is an inference of fact which may or may not have been properly determined; but, under our law, the decision was not for the court, but the jury. True, the defendant was afterwards choked into submission and tied and taken to jail; but this was in the struggle, after the first cutting, and, while relevant to the issue, is not controlling thereon, as a conclusion of law.

For the error indicated, the judgment and verdict will be set aside, and this will be certified, that the question of defendant's guilt or innocence may be submitted to another jury.

Error.