STATE v. CLYDE HILL AND C. C. CHRISTOPHER.

(Filed 11 December, 1935.)

**Constitutional Law F d—Defendant may not waive trial by jury in Superior Court after entering plea of not guilty.**

A defendant in a criminal prosecution for a felony or a misdemeanor may not waive his constitutional right to trial by jury in the Superior Court after entering a plea of "Not guilty," without changing his plea, nor may the General Assembly permit him to do so by statute, ch. 23, Public Laws of 1933, and where the court, after a plea of "Not guilty," finds the defendant guilty without a jury trial, the judgment will be stricken out and the cause remanded. Art. I, sec. 13. Special verdicts distinguished in that the jury finds all essential facts under such procedure.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant Christopher from *Sink, J.,* at July Term, 1935, of CLEVELAND.

Criminal prosecution, tried upon indictment charging the defendants with housebreaking, larceny, and receiving stolen goods knowing them to have been feloniously stolen or taken.

The record shows the following entry:

"The defendant Clyde Hill pleaded 'Guilty' to the charge and was sentenced to five years in the State Penitentiary. He was not represented by counsel. The defendant C. C. Christopher pleaded 'Not guilty' to the charges preferred against him, but was found guilty by the trial judge, without a jury, of receiving stolen goods knowing them to have been stolen."

From a judgment of twenty months on the roads, the defendant C. C. Christopher appeals, assigning errors.

STATE *v.* McLEOD.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*P. C. Gardner and T. J. Moss for appellant.*

STACY, C. J. It has been the uniform holding with us that when a defendant in a criminal prosecution, on trial in the Superior Court, enters a plea of "Not guilty" to the charge preferred against him, he may not thereafter, without changing his plea, waive his constitutional right of trial by jury. *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629; *S. v. Rogers,* 162 N. C., 656, 78 S. E., 293. And this applies to misdemeanors as well as to felonies. *S. v. Pulliam,* 184 N. C., 681, 114 S. E., 394.

True, special verdicts are permissible in criminal cases, but when such procedure is had, all the essential facts must be found by a jury. *S. v. Allen,* 166 N. C., 265, 80 S. E., 1075. They may not be referred to the judge for decision even by the consent of the accused or his counsel. *S. v. Holt,* 90 N. C., 749; *S. v. Stewart,* 89 N. C., 563. The parties are not permitted to change the policy of the law and substitute a new method of trial in criminal prosecutions for that of trial by jury as provided by the Constitution: "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors, with the right of appeal." Const., Art. I, sec. 13.

Even if the defendant intended to enter a "conditional plea of guilty" under chapter 23, Public Laws 1933, this would not save the proceeding under the decision in *S. v. Camby, ante,* 50.

The cause will be remanded to the Superior Court for trial by a jury as the law provides; none has yet been had.

Error and remanded.

DEVIN, J., took no part in the consideration or decision of this case.