STATE v. L. A. MUSE.

(Filed 26 February, 1941.)

**1. Constitutional Law § 27—**

When a defendant in a criminal prosecution in the Superior Court enters a plea of not guilty he may not, without changing his plea, waive his constitutional right of trial by jury, and the determinative facts cannot be referred to the decision of the court even by consent, but must be found by the jury.

**2. Appeal and Error § 40g—**

The Supreme Court will not venture an advisory opinion on a constitutional question unless it is properly presented, and will not decide such a question even then when the appeal may be properly determined on a question of less moment.

APPEAL by defendant from *Warlick, J.,* at November Term, 1940, of HAYWOOD.

Defendant was tried upon warrant charging violation of ch. 52, Public Laws 1931, as amended, in that he did engage in plumbing contracting business without first having obtained license so to do.

The record discloses that the defendant "pleaded not guilty to the charge and moved to quash the warrant," and that "said motion was overruled," and "after hearing the evidence for the State defendant moves for directed verdict of not guilty. Motion denied. Defendant rests and renews motion. Motion denied. Court enters verdict of guilty and enters judgment thereon that defendant pay a fine of $100.00 and the costs."

It appears from the brief of appellant that he seeks to test the constitutionality of the act under which he was indicted.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Cecil C. Jackson for defendant.*

PER CURIAM. The Attorney-General confesses error.

When a defendant in a criminal prosecution in the Superior Court enters a plea of not guilty he may not, without changing his plea, waive his constitutional right of trial by jury, *S. v. Hill,* 209 N. C., 53, 182 S. E., 716, the determinative facts cannot be referred to the decision of the court even by consent—they must be found by the jury. *S. v. Allen,* 166 N. C., 265, 80 S. E., 1075.

The Supreme Court will not venture an advisory opinion on a constitutional question unless it is properly presented, and will not decide such a question even then when the appeal may be properly determined on a question of less moment. *S. v. Lueders,* 214 N. C., 558, 200 S. E., 22.

Since it appears that there is no verdict upon which a valid judgment could be based, the case must be remanded to the Superior Court for trial according to the usual course and practice. *S. v. Lueders, supra.*

Error and remanded.