STATE v. ALONZA HARPER, JESSE JAMES HADDOCK, HARVEY BOWEN AND ROY DAVIS.

(Filed 1 February, 1952.)

**1. Criminal Law § 54d—**

A special verdict must incorporate a finding by the jury of all essential facts upon which the guilt or innocence of defendant must follow as a conclusion of law, and while it should not contain the evidence to prove such essential facts, it may not submit for the determination of the jury the competency of evidence offered by the State.

**2. Same—**

It is error to incorporate into a special verdict facts relating to the issuance of a search warrant and defendant's motion to suppress evidence for the State on the ground that it was incompetent because of defects in the search warrant under which it was obtained, since the jury may not pass upon the competency of evidence, this being the exclusive province of the court.

**3. Criminal Law § 51—**

It is the exclusive province of the court to determine the competency and admissibility of evidence and in no instance may this duty be imposed upon the jury.

**4. Criminal Law § 83—**

Where the fact of guilt follows as a conclusion of law upon the facts found in a special verdict, but it appears that the question of the competency of evidence was also submitted to the jury under the special verdict, *held* on the State's appeal from judgment of not guilty a new trial will be ordered, since it would be unfair to defendant to reverse the ruling on the special verdict and remand for sentence without giving him an opportunity to be heard upon the question of the competency of the evidence presented against him.

APPEAL by the State from *Carr, J.,* June 1951 Term, GREENE.

Criminal prosecution upon an indictment charging the defendant Jesse James Haddock with possession, possession for the purpose of sale, and transporting nontax-paid intoxicating liquor.

This case and the case, *S. v. Harper, post,* 67, involving the appeal of Alonza Harper, are companion cases. The charges against the defendants Harvey Bowen and Roy Davis were disposed of in the court below without appeal.

Upon the call of the case, the defendants made a motion to suppress the State's evidence for that such evidence would be based on an unlawful search warrant, or secured without a search warrant. This motion was denied. Thereafter, the following action was taken:

"State of North Carolina  
　　　　　　v.　　　　　　} SPECIAL VERDICT  
　Jesse James Haddock

"By agreement of the Solicitor for the State and Counsel for defendant, the jury is permitted to render a Special Verdict in this case, and for that Special Verdict the jury says:

"That on the 23rd day of May 1951, one Milton Brown, a Deputy Sheriff, appeared before Ray Doc Gay, a Justice of the Peace of Greene County, and applied for a search warrant; that before issuing said search warrant, the said Justice of the Peace undertook to administer an oath to said officer, and in doing so did require him to hold up his right hand and did say to him: 'Do you solemnly swear that the facts set forth in the complaint and search warrant are true?,' and the said Officer Brown answered: 'I do;' that said Brown did not place his hand on the Bible, and the said Brown does not have any conscientious scruples against placing his hand on the Bible while being sworn, and he is not a Quaker, a Moravian, a Dunkard, or a Mennonite, and he did not request that he be permitted to affirm. The facts included in the complaint and search warrant, to which he made such oath, are as follows:

"'Milton Brown, D. S., upon information and belief, an officer with the execution of the law, says under oath, that he is informed and believes that Harvey Bowen has in his possession intoxicating liquors and narcotic drugs for the purpose of sale located in his dwelling, garage, filling station, barns and outhouses and premises or automobile which is located on No. 123 road and near Ormondsville, which is located in Ormonds Township, Greene County, N. C.' The said complaint was duly signed by Officer Brown.

"Pursuant to said affidavit, a search warrant was issued by said Justice of the Peace in due form directing said Deputy Sheriff Brown, accompanied by other officers including Sheriff Kirby Cobb of Greene County, and S. G. Gibbs, an agent of the State Bureau of Investigation, proceeded

to the residence of Harvey Bowen, in Greene County, and arrived there at or about 2 A. M. on the 24th day of May 1951. Sheriff Cobb, before arousing said Harvey Bowen, requested the said S. G. Gibbs to read the search warrant to said Bowen, stating that he did not have his glasses, and the said warrant was read to the said Bowen by the said S. G. Gibbs in the presence of said Sheriff Cobb. A search was then made of the premises of the said Bowen, and in the course of the search the officers went to a tobacco barn on said premises located between sixty (60) and seventy-five (75) yards from said dwelling house which had a shed room adjoining it, and officer Brown knocked on the door of said shed room and the defendant, Jesse James Haddock, who was sleeping therein, answered, but did not come promptly to the door. Officer Brown then shook the door, and a tobacco stick fell from the back of the door and he was able to open it and walked in. With the aid of a search light he found the defendant sleeping on a couch or bed in said shed room, and also found fifty-two (52) cases of nontax-paid intoxicating liquor on which there were no stamps indicating that the tax due the Federal Government had been paid, there being six (6) gallons to the case, making a total of three hundred and twelve (312) gallons.

"After said search was made the defendant stated to officer Brown and others that the said intoxicating liquor belonged to him, and he transported twenty-eight (28) cases of the same to the shed room in his Ford car, and that Harvey Bowen had nothing to do with it and knew nothing about it, and the jury finds that said intoxicating liquor was in the possession of the defendant for the purpose of sale.

"When the case was called for trial and before pleading to the charge, the defendant made a motion to suppress the evidence of the State, for that it was incompetent because of defects in the search warrant under which it was obtained, and the ruling on said motion was deferred until the evidence was offered. The defendant then offered a plea of not guilty and objected to the introduction of the State's evidence, which has been set out in this Special Verdict, for the reason that it was not admissible under the law by reason of the facts and circumstances under which said warrant was obtained, served and used, show that it was an illegal search warrant, and that any evidence obtained pursuant thereto was incompetent and inadmissible.

"There were no articles of furniture in the shed room other than a bed that was not well kept and was badly soiled. The defendant admitted that he was employed by Harvey Bowen and that he had been using the shed room for his sleeping quarters for a considerable time, as much as six months prior to the search.

"The jury finds the foregoing facts, and if upon said facts the court is of the opinion that the defendant is guilty of the possession of intoxi-

cating liquors upon which the tax due the Federal Government had not been paid and guilty of possession of same for the purpose of sale, and guilty of transporting said intoxicating liquor, then the jury finds the defendant guilty of all three charges; and if upon said facts the court is of the opinion that the defendant is not guilty of said charges, the jury finds the defendant not guilty.

"The Court being of the opinion that upon the foregoing special verdict the defendant Jesse James Haddock is not guilty of each of the charges and offenses set out in said special verdict, it is ordered that said defendant is not guilty of said charges and offenses.

LEO CARR<br>Judge Presiding."

To the judgment entered, the State excepted and appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for State, appellant.*

*C. W. Beaman and K. A. Pittman for defendant, appellee.*

VALENTINE, J. It appears from the record that this case was tried upon an erroneous interpretation of the meaning of a "special verdict." A special verdict must contain the facts as established by the evidence to the satisfaction of the jury and not the evidence to prove them. *S. v. McIver,* 216 N.C. 734, 6 S.E. 2d 493; *S. v. High,* 222 N.C. 434, 23 S.E. 2d 343.

A special verdict is permissible in appropriate criminal cases, but when such procedure is had, the whole of the essential facts must be found by the jury. Essential facts may not be referred to the judge even by consent of counsel for the accused or by the accused himself. When once a defendant has entered a plea of "not guilty" to the charge preferred against him, whether the charge be a misdemeanor or a felony, he may not thereafter waive his constitutional right of a trial by jury without first changing his plea. *S. v. Hill,* 209 N.C. 53, 182 S.E. 716; *S. v. Muse,* 219 N.C. 226, 13 S.E. 2d 229.

When a jury is allowed to render a special verdict, in such a verdict the jury must find all the essential facts, and the guilt or innocence of the defendant must follow as a conclusion of law from the facts so found. Any special verdict which refers or attempts to refer to the decision of the judge any fact or inference of fact necessary to a full determination of the issue is insufficient in law and must be set aside. *S. v. Allen,* 166 N.C. 265, 80 S.E. 1075; *S. v. Fenner,* 166 N.C. 247, 80 S.E. 970; *S. v. Barber,* 180 N.C. 711, 104 S.E. 760.

3—235

But this does not mean that testimony respecting the circumstances under which a search warrant was procured, offered for the purpose of enabling the trial judge to determine the validity of the search warrant and the competency of the evidence procured thereunder, should be submitted to the jury or that the jury may or should find the facts established thereby. Such testimony presents questions of fact the judge only may decide.

His Honor submitted to the jury the details of and a dissertation upon the evidence in the case, including a search warrant which had no bearing upon the guilt or innocence of this defendant. No search warrant was actually used when the officer entered the sleeping quarters of the defendant and there found 312 gallons of nontax-paid liquor. This drew into question the competency of the evidence thus procured, and it then became the duty of the trial judge to analyze all the facts and circumstances and to apply the appropriate rules of evidence to the facts so found, and then either admit or reject the evidence. It was likewise the duty of the court below to have passed upon the validity of the search warrant when and if the search warrant or evidence procured thereunder became a proper subject of inquiry. The jury in no aspect of this or any other case has the duty of determining either the competency or the admissibility of evidence. These are questions addressed solely to the presiding judge. *Munroe v. Stutts,* 31 N.C. 49; *S. v. Whitener,* 191 N.C. 659, 132 S.E. 603; N. C. Evidence by Stansbury, sec. 187, page 405; *Sanderson v. Paul, ante,* 56. The judge's duty and that of the jury are different and neither may invade the province of the other. *S. v. Fogleman,* 204 N.C. 401, 168 S.E. 536.

The jury found that the defendant had in his possession 312 gallons of nontax-paid intoxicating liquor for the purpose of sale, and upon this finding the defendant is clearly guilty. As to this there could be no serious controversy. This merely points up the fact the real question the parties seek to present on this appeal is not whether the defendant is guilty or not guilty, but whether the testimony establishing his guilt, admitted in evidence without exception, was competent or incompetent. This is further demonstrated by the fact the State assigns as error two excerpts from the charge of the court respecting the testimony. While this is a novel position, it goes without saying that neither an exception to the admission of evidence nor to error in the charge can be made the basis of an appeal by the State.

Even so, upon the present state of the record it would be manifestly unfair to reverse the ruling on the special verdict and remand for sentence without giving the defendant an opportunity to be heard upon the question of the competency of the evidence presented against him. For that

reason, the special verdict is vacated and set aside and the cause is remanded for a

New trial.