STATE OF NORTH CAROLINA v. LESLIE COX.

(Filed 22 September, 1965.)

**Constitutional Law § 29;    Criminal Law § 139—**

The Supreme Court will take notice *ex mero motu* of error in permitting defendant to waive a jury trial in a criminal prosecution in the Superior Court after plea of not guilty.

APPEAL by defendant from *Cowper, J.,* May 1965 Mixed Session of PITT.

Defendant was tried and convicted in the County Court of Pitt County upon a warrant charging him with the unlawful possession, transportation, and possession for the purpose of sale of 39 gallons of nontaxpaid whiskey. From the judgment imposed he appealed to the Superior Court. When the case was called for trial, defendant, through counsel, entered a plea of not guilty; and, with the consent of the solicitor, waived a jury trial. Thereupon Judge Cowper heard the State's evidence — the defendant offered none — and rendered a verdict of "guilty of transporting." From the prison sentence imposed defendant appeals, assigning as error the admission of certain evidence and the failure of the court to allow his motion for nonsuit.

HIGHWAY COMMISSION *v.* SWANN.

*T. W. Bruton, Attorney General, James F. Bullock, Assistant Attorney General for the State.*
*Roberts & Wooten for defendant appellant.*

PER CURIAM. On the face of the record there appears a fatal error which the Court will notice *ex mero motu. State v. Dunston,* 256 N.C. 203, 123 S.E. 2d 480. This case is controlled by *State v. Muse,* 219 N.C. 226, 13 S.E. 2d 229, in which the Court said:

"When a defendant in a criminal prosecution in the Superior Court enters a plea of not guilty he may not, without changing his plea, waive his constitutional right of trial by jury, *S. v. Hill,* 209 N.C. 53, 182 S.E. 716, the determinative facts cannot be referred to the decision of the court even by consent — they must be found by the jury. *S. v. Allen,* 166 N.C. 265, 80 S.E. 1075." *Id.* at 227, 13 S.E. 2d 229.

*Accord: State v. Harper,* 235 N.C. 62, 69 S.E. 2d 161; *State v. Horne,* 234 N.C. 115, 66 S.E. 2d 665; *State v. Holt,* 90 N.C. 749.

Since the guilt of defendant has not been established by a verdict, *Sitterson v. Sitterson,* 191 N.C. 319, 131 S.E. 641, the sentence imposed by the judge is a nullity. No trial has been had. The case is remanded to the Superior Court for a trial by jury as the law provides.

Error and remanded.