State v. Jeffries

---

STATE OF NORTH CAROLINA v. BARBARA C. JEFFRIES

No. 7310SC543

(Filed 26 September 1973)

Automobiles § 135; Indictment and Warrant § 14— overtime parking — motion to quash warrant — manner of enforcing ordinance
    The trial court did not err in the denial of defendant's motion to quash a warrant charging her with parking in a metered zone be-

yond the legal time established for such zone where defendant did not contend that the ordinance under which she was charged was unconstitutional but attempted to establish by evidence *aliunde* the record that the policy, practice and procedure of the police department in enforcing the ordinance constituted invidious discrimination, since extraneous evidence may not be considered on a motion to quash.

APPEAL by defendant from *Hobgood, Judge,* 2 March 1973 Session of Superior Court held in WAKE County.

The defendant, Barbara C. Jeffries, was charged in a warrant proper in form with violating Section 21-49(1) of the Raleigh City Code "by causing, allowing, permitting and suffering a vehicle to be stopped, left standing and parked in a parking meter zone beyond the period of legal parking time established for such zone, the time limit for said zone being 12 minutes and the vehicle having been parked in said zone from 11:15 a.m. to 12:46 p.m. [on 18 October 1972]." Before pleading to the charge, the defendant made a motion to quash "on the ground that the ordinance under which she was charged was unconstitutional *as applied* in that said application violated her rights to due process of law, and equal protection of the laws, as secured to her by North Carolina and United States Constitutions." The court denied the motion after hearing evidence on *voir dire* in the absence of the jury as to the practice of the Raleigh Police Department with respect to the enforcement of the ordinances of the City regulating the parking of motor vehicles.

The defendant pleaded not guilty and was found guilty as charged. The defendant made a motion in arrest of judgment which was denied.

From a judgment that the defendant pay a fine of $1.00 and pay the costs, the defendant appealed.

*Attorney General Robert Morgan and Associate Attorney John M. Silverstein for the State.*

*City Attorney Broxie J. Nelson and Attorney Walter Lee Horton, Jr., for the City of Raleigh, Amicus Curiae.*

*L. Philip Covington for the defendant appellant.*

HEDRICK, Judge.

Defendant's two assignments of error present only the question of whether the trial judge erred in denying her motions

to quash the warrant and to arrest the judgment. A motion to quash challenges the sufficiency of a bill of indictment or warrant. 4 Strong, N. C. Index 2d, Indictment and Warrant, § 14, pp. 359-60. " 'A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record.' *State v. McCollum,* 216 N.C. 737, 6 S.E. 2d 503." *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970).

In her brief defendant states that she does not contend that Section 21-49(1) of the Raleigh City Code (the ordinance under which defendant is charged) is unconstitutional. However, she does contend that "the policy, practice, and procedure carried on in the City of Raleigh for the enforcement of this parking law, as well as all others, constitutes invidious discrimination prohibited by both the North Carolina and United States Constitutions."

"While a motion to quash is an appropriate method of testing the sufficiency of the bill of indictment to charge a criminal offense, it lies only for a defect appearing on the face of the warrant or indictment. *State v. McBane,* 276 N.C. 60, 170 S.E. 2d 913 (1969) ; *State v. Turner,* 170 N.C. 701, 86 S.E. 1019 (1915). 'The court, in ruling on the motion, is not permitted to consider extraneous evidence. Therefore, when the defect must be established by evidence *aliunde* the record, the motion must be denied.' *State v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663 (1949) ; *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972)." *State v. Springer,* 283 N.C. 627, 197 S.E. 2d 530 (1973).

In *State v. Underwood,* 283 N.C. 154, 162, 195 S.E. 2d 489 (1973), Justice Sharp wrote:

"If an ordinance or statute upon which a warrant or indictment is based 'is generally constitutional and for some circumstance peculiar to the situation of accused is unconstitutional that is a matter which is properly triable under the general issue or a plea of not guilty.' 16 C.J.S. Constitutional Law § 96(b), at 344 (1956). Upon a motion to quash the judge may not hear evidence tending to show that the ordinance, valid on its face, is being enforced in a manner which deprives the defendant of his constitutional rights, find the facts, and determine the constitutional question upon his findings. In a criminal prosecution in which the

defendant contests his guilt he may not 'waive his constitutional right of trial by jury. . . . [T]he determinative facts cannot be referred to the decision of the court even by consent—they must be found by the jury.' *State v. Muse,* 219 N.C. 226, 227, 13 S.E. 2d 229 (1941) (citations omitted). See also *State v. Hill,* 209 N.C. 53, 182 S.E. 716 (1935)."

Clearly, the defendant attempted to establish by evidence *aliunde* the record that the ordinance was unconstitutionally applied to her by the "policy, practice, and procedure" of the Raleigh Police Department. Judge Hobgood properly disregarded such extraneous evidence in denying the motion to quash. No defect appears on the warrant or in the record proper barring this prosecution or the entry of judgment.

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur in the result.