State v. Caldwell

---

STATE OF NORTH CAROLINA v. ROGER CALDWELL

No. 7525SC493

(Filed 5 November 1975)

1. Indictment and Warrant § 14; Rape § 3— indictment — motion to quash

   A motion to quash lies only for a defect appearing on the face of the warrant or indictment and does not lie unless it appears from an inspection of the warrant or indictment that no crime is charged or that the warrant or indictment is otherwise so defective that it will not support a judgment; the allegations in the bill of indictment in this case are in all respects sufficient to charge the defendant with second degree rape under G.S. 14-21(b).

2. Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis

   Evidence was sufficient to support the trial court's conclusion that a rape victim's in-court identification of the defendant as the

man who raped her was based solely on what she observed on the afternoon of the rape and was not tainted by any illegal out-of-court identification procedure.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 23 January 1975 in the Superior Court, BURKE County. Heard in the Court of Appeals 25 September 1975.

Criminal prosecution on a bill of indictment, proper in form, charging the defendant, Roger Caldwell, with the second degree rape of Anita Gragg. Upon the defendant's plea of not guilty, the State offered evidence tending to show the following:

On 5 June 1974 at about 3:15 p.m., Mrs. Anita Gragg, a white woman, was coming out of her trailer in the Chesterfield Community in Burke County when she was approached by the defendant, a black man, who inquired if she knew where one Dwayne McClain lived. Mrs. Gragg at the time was scantily dressed in a two-piece bathing suit and was wearing a robe. She had been sun bathing. The defendant asked her if he could have a drink of water and Mrs. Gragg told the defendant she would get it for him. As she went into the trailer, the defendant forced his way in through the door which Mrs. Gragg was trying to close. The defendant put his hand over her mouth to silence her screams. He pushed her onto the floor, removed her clothing, undressed himself, and forced her to commit the act of fellatio. Afterwards, the defendant "drug me (Mrs. Gragg) into the bedroom, and that is where he raped me." Mrs. Gragg described in detail the manner in which defendant committed the crime charged in the bill of indictment.

After the act of sexual intercourse, Mrs. Gragg asked the defendant if he still wanted the water and when he said he did, Mrs. Gragg got up from the bed. She testified:

"I got up and I got my baby that was lying in the bed in the living room and I picked her up and he saw me get her. I was trying to get out of the door and he caught me just as I got to the door and I started screaming again and about dropped my baby. He took my baby away from me and told me to get him water."

When Mrs. Gragg told defendant her husband would be home soon, the defendant left. She went immediately to her sister's trailer and told her what had happened. Mrs. Gragg

described scratches and bruises which the defendant had put on her body and her sister, mother-in-law, and an officer testified that they saw scratches and bruises on her body.

The defendant testified that Mrs. Gragg invited him into her home and encouraged him to make love to her and that they did have sexual intercourse by mutual consent. Three witnesses testified as to defendant's good character and reputation.

The jury found the defendant guilty as charged and from a judgment imposing a prison sentence of 16 to 20 years, the defendant appealed.

*Attorney General Edmisten by Associate Attorney Joan H. Byers for the State.*

*Fate J. Beal for defendant appellant.*

HEDRICK, Judge.

[1] Defendant's first and second assignments of error are as follows:

1. "The Court below erred by overruling defendant's motions to quash the warrant and the bill of indictment, for the reason that defendant's constitutional rights had been violated as to his arrest, his identification, and as to being informed as to his rights."

2. "The Judge erred by overruling defendant's motions to quash the warrant and the bill of indictment for the reason that neither contains allegations sufficient to charge defendant with the crime of first degree rape, nor sufficient to charge defendant with the crime of second degree rape, nor to distinguish as to which crime he is charged with."

A motion to quash lies only for a defect appearing on the face of the warrant or indictment and "does not lie unless it appears from an inspection of the warrant or indictment that no crime is charged . . . or that the warrant or indictment is otherwise so defective that it will not support a judgment." *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972) (citations omitted). In ruling on a motion to quash, the court is not permitted to consider extraneous evidence. *State v. Bass, supra; State v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663 (1949) ; *State v. Jeffries,* 19 N.C. App. 516, 199 S.E. 2d 286 (1973). The allegations in

State v. Caldwell

the bill of indictment in the present case are in all respects sufficient to charge the defendant with second degree rape under G.S. 14-21 (b). These assignments of error are overruled.

[2] Defendant's third and fifth assignments of error are as follows:

> 3. "HIS HONOR ERRED IN his ruling on the *voir dire* when he admitted into evidence the testimony as to the identification of defendant and refused to suppress other evidence after it had been shown that defendant had been denied his constitutional rights; and for the reason that the evidence brought out on the *voir dire* does not support his findings of fact, which, therefore, do not support his conclusions of law and his order."

> 5. "Court below erred by admitting evidence of identification of defendant as person who committed the crime, which identification was tainted by violations of defendant's constitutional rights and by improper presentations of defendant to state's witness."

The third assignment of error purports to be based on an exception to the trial judge's conclusion that Mrs. Gragg's in-court identification of the defendant as the man who raped her was based solely on what she observed on the afternoon of 5 June 1973 and was not tainted by any illegal out of court identification procedure. The fifth assignment of error purports to be based on six exceptions to Mrs. Gragg's testimony after the *voir dire* identifying the defendant as the perpetrator of the crime.

The conclusion challenged by assignment of error 3 is clearly supported by findings of fact made by the trial judge following a *voir dire* hearing conducted for the specific purpose of determining the admissibility of the witness' in-court identification. Moreover, there is plenary competent evidence in the record to support the findings of fact. Obviously, the testimony challenged by assignment of error 5 was admissible. These assignments of error have no merit.

Assignments of error 4, 6, 7, 8, 9 and 13, all relate to the admission and exclusion of testimony. We have carefully examined each of the seventeen exceptions upon which these assignments of error are based and find no error in any of the rulings challenged thereby.

Assignments of error 10 and 11 challenge the trial judge's denial of the defendant's motions for judgment as of nonsuit, motion to set aside the verdict, and objections to the entry of the judgment. Suffice it to say, the evidence offered at trial was sufficient to require the submission of the case to the jury on the charge set out in the bill of indictment and to support the verdict, which supports the judgment entered.

Assignment of error 12 is as follows:

"Court below erred by failing to declare a mistrial by reason of the solicitor's prejudicial questions before the jury."

This assignment of error is based on exceptions to two questions asked the defendant on cross-examination. Defendant's objection to the first question was sustained, and the court instructed the jury not to consider it. Defendant's objection to the second question was overruled. We are of the opinion that both rulings were correct. No motion for mistrial was made. Defendant has failed to demonstrate any error.

Assignments of error 14, 15, 16 and 17 relate to the court's instructions to the jury. We have examined each exception upon which these assignments are based and find and hold that the trial judge fairly, correctly, and adequately instructed the jury in compliance with G.S. 1-180. Defendant has failed to demonstrate any prejudicial error in the charge.

The defendant had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.