STATE OF NORTH CAROLINA v. PETER JONES FIELD

No. 8410SC1028

(Filed 2 July 1985)

**Automobiles and Other Vehicles § 130— grossly aggravating factors for DWI—constitutional**

     G.S. 20-179(c)(3), which requires an active jail term of not less than seven days upon the finding of one of three grossly aggravating factors for driving while impaired, including causing serious injury to another person, is not unconstitutional in that it requires an active jail term without a jury trial because serious injury is not an element of the crime of driving while impaired. G.S. 20-138.1.

APPEAL by defendant from *Lee, Judge.* Judgment entered 21 August 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 4 April 1985.

Defendant pled guilty to driving while impaired in violation of G.S. 20-138.1 and to failing to stop at a duly erected stop sign in violation of G.S. 20-158. Prior to entering his pleas and before the sentencing hearing defendant filed a motion to declare G.S. 20-179(c)(3), the part of the sentencing statute that defendant's sentence is based on, unconstitutional. The motion was denied. At the sentencing hearing evidence was presented which tended to show that as a result of defendant's impaired driving and the collision that followed one occupant of the car he collided with suffered multiple injuries, including a severe cut on the head that required twenty-nine stitches and fractures of the knee that also required surgery; and another occupant suffered a blow to the head and a broken nose, which required surgery and skin grafting to cover a hole in the membrane. The evidence also showed that defendant had a blood alcohol concentration of 0.16 when the collision occurred. As authorized by G.S. 20-179(c)(3) the trial court found as a grossly aggravating factor that defendant's impaired driving caused serious injury to another person and the punishment included an active jail term of not less than seven days.

*Attorney General Edmisten, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Presnell & Allen, by Gary Lester Presnell, for defendant appellant.*

PHILLIPS, Judge.

The only question presented for our determination is the constitutionality of G.S. 20-179(c), under which defendant was sentenced for driving while impaired. That statute creates three "grossly aggravating factors," one of which is that the impaired driver caused serious injury to another person; and it requires the sentencing judge upon finding one such factor to impose an active jail term of not less than seven days under subsection (h) of G.S. 20-179. It is fundamental, of course, that one charged with crime in this state is entitled as a matter of right, under both the federal and state Constitutions, to a jury trial as to every essential element of the crime charged. *State v. Lewis*, 274 N.C. 438, 164 S.E. 2d 177 (1968). The thrust of defendant's argument is that since the purported fact that his impaired driving caused serious injury to another requires him to serve an active jail term under G.S. 20-179(c) and (h) the existence of that fact is an element of the crime he is being punished for and must be found by the jury, rather than the judge. We disagree. Whether defendant seriously injured another person is not an element of the crime of driving while impaired; it is a sentencing factor that the General Assembly has deemed to be important in punishing those convicted of driving while impaired. The punishment imposed for violating the law is generally not an element of the violation. *State v. Stafford*, 274 N.C. 519, 164 S.E. 2d 371 (1968).

The bifurcated procedure that the legislature has established for impaired driving cases, with the jury determining whether G.S. 20-138.1 has been violated and the judge determining the length of punishment required under G.S. 20-179, is similar to procedures that have passed constitutional muster both here and in the federal courts. Our Supreme Court deemed it permissible for one convicted of kidnapping under G.S. 14-39(a) to be sentenced more severely under former G.S. 14-39(b) if the judge found that the victim suffered a serious injury. *State v. Boone*, 302 N.C. 561, 276 S.E. 2d 354 (1981). And in the federal courts those found by judges to be "Dangerous Special Offenders" under 18 U.S.C. § 3575 are routinely punished more severely than other offenders. *United States v. Williamson*, 567 F. 2d 610 (4th Cir. 1977). As these and other decisions indicate, legislatures have great latitude in establishing crimes and fixing punishment for

them. We do not believe that latitude 'has been exceeded in this instance.

Affirmed.

Judges ARNOLD and COZORT concur.