STATE OF NORTH CAROLINA v. LEKKIE CONSTANTINE WILSON

No. COA07-1077

(Filed 2 September 2008)

**1. Appeal and Error— preservation of issues—failure to object to constitutional issue at trial—Article I, Section 24 right to unanimous jury**

Although the State contends defendant did not preserve his argument for appeal regarding the trial court's unrecorded bench conferences with the jury foreperson at trial based on his failure to object to the trial court's unrecorded conversations, defendant

is entitled to appellate review of this constitutional argument because, although our appellate courts generally do not review constitutional arguments for the first time on appeal, our Supreme Court has previously recognized an exception to this rule where a defendant alleges a violation of Article I, Section 24 regarding defendant's right to trial by a jury of twelve.

## 2. Constitutional Law; Jury— right to unanimous jury—unrecorded bench conferences with jury foreperson

The trial court violated defendant's rights under Article I, Section 24 in an armed robbery case when it held unrecorded bench conferences with the jury foreperson because: (1) our appellate courts have recognized that a conviction cannot be based on a unanimous verdict of a jury as required by Article I, Section 24, where the trial court does not provide the same instructions to all twelve jurors, and subsequent case law has made clear that this type of violation occurs only when certain jurors receive one set of instructions and other jurors receive a different set of instructions; (2) in the present case, the trial court gave at least one critical instruction to the jury foreperson that it did not give to the rest of the jury, and the transcript indicated that it likely provided instructions to the jury foreperson at some point during the three unrecorded bench conferences; (3) the trial court instructed the foreperson not to discuss with the remaining eleven jurors the issues that they talked about at the bench and also openly on the record; and (4) the record demonstrated the trial court did not instruct all twelve jurors consistently.

## 3. Constitutional Law; Jury— right to unanimous jury—automatic reversal based on numerical composition—harmless error analysis for unequal instructions

Harmless error analysis is required in this case to determine whether defendant is entitled to a new trial in an armed robbery case based on the trial court holding unrecorded bench conferences with the jury foreperson because: (1) a violation of Article I, Section 24 requires automatic reversal only where a jury was improperly constituted in terms of its numerical composition, and a verdict rendered by a jury of less than twelve fully-participating jurors makes the verdict a nullity; and (2) a violation of Article I, Section 24 is subject to harmless error review where the error did not affect the numerical structure of the jury, but rather resulted in jurors acting on unequal instructions from the trial court in reaching the verdict.

**4. Constitutional Law; Jury— right to unanimous jury—motion for new trial—unrecorded bench conferences with the jury foreperson—harmless error analysis—failure to meet burden of proof—meaningful appellate review**

The State failed to meet its burden of showing harmless error in an armed robbery case based on the trial court holding unrecorded bench conferences with the jury foreperson, and defendant is entitled to a new trial, because: (1) the transcript does not disclose the trial court's unrecorded bench conferences with the jury foreperson, nor did the trial court reconstruct the substance of those conferences for the record; and (2) without a record of the trial court's conversations with the jury foreperson, the Court of Appeals cannot exercise meaningful appellate review.

Judge TYSON dissenting.

Appeal by Defendant from judgments entered 2 February 2007 by Judge Jack W. Jenkins in Superior Court, Carteret County. Heard in the Court of Appeals 5 March 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Kevin Anderson, for the State.*

*L. Jayne Stowers for Defendant.*

McGEE, Judge.

A jury found Lekkie Constantine Wilson (Defendant) guilty on 2 February 2007 of armed robbery and conspiracy to commit armed robbery. The trial court arrested judgment on the conspiracy charge and sentenced Defendant to a term of forty-eight to sixty-eight months in prison on the armed robbery charge.

The State's evidence at trial tended to show that Defendant's wife worked at a gas station in Newport, North Carolina. Tavoris Courtney (Mr. Courtney) testified that he and Defendant decided to rob the gas station on 16 October 2005. Defendant was familiar with the layout of the gas station and told Mr. Courtney where the safe and security cameras were located. Mr. Courtney testified that he entered the gas station, pointed a gun at the clerk, and demanded money from the safe. After the robbery, Mr. Courtney ran across the street and got into Defendant's vehicle, and Defendant drove away.

Defendant's evidence at trial tended to show that Mr. Courtney received a reduced bond and other incentives in return for his coop-

**STATE v. WILSON**

[192 N.C. App. 359 (2008)]

eration with police. Defendant also pointed to inconsistencies in certain portions of the State's evidence. Defendant did not testify at trial.

The jury began its deliberations at 3:25 p.m. on 1 February 2007. Twenty minutes later, the bailiff informed the trial court that there had been a knock on the jury room door, and that "there is some issue with the foreperson that needs to be addressed on the record." The trial court, without objection, summoned the foreperson to discuss the issue. The following exchange occurred:

> THE COURT: It's my understanding there may be some issue you may need to address and to the extent you're comfortable telling me, can you tell me what [the] nature of the concern is?
>
> FOREPERSON: They seem to think that I already have my mind made up.
>
> THE COURT: You come here and if counsel will come up here, please.

The trial court conducted an unrecorded bench conference with the foreperson and counsel for both the State and Defendant. Following this conference, the trial court asked the foreperson to step aside, and the trial court conducted another unrecorded bench conference with both counsel. The following exchange then occurred in open court:

> THE COURT: [T]o make sure I understand then, there is an issue that has arisen regarding your opinion about the case basically, is that right?
>
> FOREPERSON: Yes.
>
> THE COURT: Issue between you and the other jurors?
>
> FOREPERSON: Yes.
>
> THE COURT: This is an issue that I believe you and the other jurors need to handle in the jury room.
>
> FOREPERSON: I need to say one more thing.
>
> THE COURT: Yes, sir. Go on.
>
> FOREPERSON: I can't . . .
>
> THE COURT: All right. Come up.

**STATE v. WILSON**

[192 N.C. App. 359 (2008)]

The trial court then conducted a second unrecorded bench conference with the foreperson and both counsel. The trial court then summoned the remaining eleven jurors and conducted another unrecorded bench conference with both counsel.

When all twelve jurors were present, the trial court gave the jury an *Allen* instruction. *See* N.C. Gen. Stat. § 15A-1235(b)-(c) (2007). The trial court then instructed the jurors, with the exception of the foreperson, to return to the jury room but not to resume deliberations. After the eleven jurors left the courtroom, the trial court conducted a third unrecorded bench conference with the foreperson and both counsel. The following exchange next occurred in open court:

> THE COURT: All right. [Foreperson, there is] one other instruction I want to give you first and then have the other jurors come back out. The issues about which we had talked in this courtroom, both here at the bench and also openly on the record, are issues that you are not to share with the other jurors and I do not wish for you to go back in there and somehow talk about what we talked about here or anything else. Do you understand that?
>
> FOREPERSON: Yes, sir.
>
> THE COURT: It's my understanding based on what you have said up here that I do believe you can continue to be a fair and impartial juror in this case, consider the evidence you've heard, the contentions of counsel, instructions of the court and proceed accordingly, is that correct?
>
> FOREPERSON: Yes, sir.
>
> THE COURT: And at this time, do you know of any reason why you cannot continue as a juror in this case?
>
> FOREPERSON: No, sir.

The trial court summoned the remaining eleven jurors, and when they were all present in the courtroom, the trial court instructed the jury to resume its deliberations. The jury returned its verdicts the following day. Defendant appeals.

Defendant argues, *inter alia*, that the trial court's unrecorded bench conferences with the jury foreperson violated Defendant's right to a unanimous jury under Article I, Section 24 of the North Carolina Constitution. *See* N.C. Const. art. I, § 24 (stating that "[n]o

person shall be convicted of any crime but by the unanimous verdict of a jury in open court").

### A.

**[1]** The State first contends that Defendant has not preserved his arguments for appeal because Defendant did not object to the trial court's unrecorded conversations with the jury foreperson at trial. *See* N.C.R. App. P. 10(b)(1) (stating that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion").

It is true that our Court generally does not review constitutional arguments for the first time on appeal. *See, e.g., State v. King*, 342 N.C. 357, 364, 464 S.E.2d 288, 293 (1995). However, our Supreme Court has previously recognized an exception to this rule where a defendant alleges a violation of Article I, Section 24. *See State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985) (holding that "[w]here . . . the error violates [the] defendant's right to a trial by a jury of twelve, [the] defendant's failure to object is not fatal to his right to raise the question on appeal").

The State correctly notes that in *State v. Tate*, 294 N.C. 189, 239 S.E.2d 821 (1978), our Supreme Court held that the defendant's failure to object at trial precluded the defendant from challenging on appeal the trial court's off-record bench conferences with two jurors. *Id.* at 197-98, 239 S.E.2d at 827. The defendant in *Tate*, however, did not claim a violation of his rights under Article I, Section 24. Rather, the *Tate* defendant argued that the trial court's unrecorded bench conferences with the two jurors violated the defendant's confrontation rights under Article I, Section 23 of the North Carolina Constitution. *See State v. Boyd*, 332 N.C. 101, 104-05, 418 S.E.2d 471, 473 (1992) (explaining the basis of the *Tate* decision). Because *Tate* was a noncapital prosecution, our Supreme Court held that the defendant waived his constitutional argument by failing to object to the alleged error at trial. *Id.*; *see Tate*, 294 N.C. at 197-98, 239 S.E.2d at 827.

In contrast with *Tate*, Defendant in the present case argues that the trial court's unrecorded bench conversations with the jury foreperson violated Defendant's right to a unanimous jury under Article I, Section 24. Our Supreme Court's decision in *Ashe* makes clear that such error is preserved for appellate review even without objection at trial. *See Ashe*, 314 N.C. at 39, 331 S.E.2d at 659. We there-

fore hold that Defendant is entitled to appellate review of his constitutional argument.

## B.

[2] We next consider whether the trial court violated Defendant's rights under Article I, Section 24 when it held unrecorded bench conferences with the jury foreperson.

Our Courts have recognized that a conviction cannot be based on a "unanimous verdict of a jury," as required by Article I, Section 24, where the trial court does not provide the same instructions to all twelve jurors. In *Ashe*, for example, the jury foreperson returned alone to the courtroom over an hour after the jury retired for deliberations. *Ashe*, 314 N.C. at 33, 331 S.E.2d at 655. The foreperson informed the trial court that the jury wished to review certain portions of the transcript. *Id.* at 33, 331 S.E.2d at 656. The trial court responded, "I'll have to give you this instruction. There is no transcript at this point. You and the other jurors will have to take your recollection of the evidence as you recall it and as you can agree upon that recollection in your deliberations." *Id.* The jury later found the defendant guilty of first-degree murder. *Id.* at 29, 331 S.E.2d at 653.

On appeal, our Supreme Court found that the trial court violated N.C. Gen. Stat. § 15A-1233(a) by failing to respond to the jury's request with the entire jury present. *Id.* at 35, 331 S.E.2d at 657; *see* N.C. Gen. Stat. § 15A-1233(a) (2007) (stating that "[i]f the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom," at which point the trial court may respond to the jury's request). In addition to the statutory violation, the Court also agreed with the defendant that "[a] defendant, having the right to a trial by a jury of twelve, has the right to have all twelve jurors instructed consistently." *Ashe*, 314 N.C. at 35-36, 331 S.E.2d at 657. According to the Supreme Court:

> Our jury system is designed to insure that a jury's decision is the result of evidence and argument offered by the contesting parties under the control and guidance of an impartial judge and in accord with the judge's instructions on the law. All these elements of the trial should be viewed and heard simultaneously by all twelve jurors. To allow a jury foreman, another individual juror, or anyone else to communicate privately with the trial court regarding matters material to the case and then to relay the court's response to the full jury is inconsistent with this policy.

*Id.* at 36, 331 S.E.2d at 657. The Supreme Court therefore found that because the N.C.G.S. § 15A-1233(a) violation resulted in the jury being inconsistently instructed, such violation also constituted a violation of the defendant's right to a trial by a unanimous jury under Article I, Section 24. *Id.* at 39, 40, 331 S.E.2d at 659.

Subsequent case law has made clear that this type of Article I, Section 24 violation occurs only when certain jurors receive one set of instructions and other jurors receive a different set of instructions. In *State v. McLaughlin*, 320 N.C. 564, 359 S.E.2d 768 (1987), for example, the jury sent the trial court a note asking to review a portion of the trial testimony. *Id.* at 567, 359 S.E.2d at 770. The trial court denied the jury's request and asked the bailiff to inform the jury that their request had been denied. *Id.* at 567-68, 359 S.E.2d at 771. On appeal, our Supreme Court agreed with the defendant that the trial court violated N.C.G.S. § 15A-1233(a) by failing to bring the jury back to the courtroom to respond to its inquiry. *Id.* at 568, 359 S.E.2d at 771. However, the Court disagreed with the defendant that the statutory error also amounted to constitutional error. *Id.* Unlike in *Ashe*, where the trial court gave certain instructions to less than twelve jurors, the trial court in *McLaughlin* gave its instruction to all twelve jurors, albeit in a manner prohibited by statute. *Id.* at 570, 359 S.E.2d at 772. Therefore, in *McLaughlin*, "[t]here was . . . no violation of the unanimity provision of Article I, section 24." *Id. See also State v. Colvin*, 92 N.C. App. 152, 159, 374 S.E.2d 126, 131 (1988), *cert. denied*, 324 N.C. 249, 377 S.E.2d 758 (1989) (holding, on similar facts to *McLaughlin*, that there was no constitutional error because "the judge did not communicate with less than all jurors").

In the present case, the trial court gave at least one critical instruction to the jury foreperson that it did not give to the rest of the jury. The transcript indicates that after the jury deliberated for roughly twenty minutes, eleven jurors ejected their foreperson due to concerns regarding the foreperson's impartiality. The trial court specifically instructed the foreperson that "[t]his is an issue that I believe you and the other jurors need to handle in the jury room." The trial court did not instruct the remaining jurors that their concern regarding the foreperson was an issue that the jury was required to "handle in the jury room," although the Court clearly believed that all twelve jurors had a duty to resolve the issue.

Further, the transcript indicates that the trial court likely provided instructions to the jury foreperson at some point during the three unrecorded bench conferences. Immediately following the third

STATE v. WILSON

[192 N.C. App. 359 (2008)]

unrecorded bench conference, the trial court informed the foreperson that there was "one other instruction" that the trial court wanted to give to the foreperson. This statement by the trial court indicates that the trial court had previously instructed the foreperson concerning one or multiple other issues, the nature of which do not appear on the record. The trial court then instructed the foreperson that the foreperson was not to discuss with the remaining eleven jurors "[t]he issues about which we had talked about in this courtroom, both here at the bench and also openly on the record[.]" This statement demonstrates not only that the trial court did not want the remaining eleven jurors to be privy to the information the foreperson received during the unrecorded bench conferences, but also that the trial court did not want the foreperson to communicate the trial court's prior instruction that the jurors "handle in the jury room" their concerns regarding the foreperson.

This record demonstrates that the trial court did not instruct all twelve jurors consistently. Defendant was entitled to a consistently-instructed jury under Article I, Section 24. We therefore find constitutional error in the trial court's on-record and off-record conversations with the jury foreperson.

C.

[3] Defendant next argues that the violation of his right to a unanimous jury under Article I, Section 24 was structural error mandating a new trial.

Our Courts have previously held that certain violations of Article I, Section 24 are so fundamental that harmless error analysis is inappropriate and automatic reversal is required. In *State v. Hudson*, 280 N.C. 74, 185 S.E.2d 189 (1971), a juror became ill during trial and was excused from service. *Id.* at 78, 185 S.E.2d at 192. The defendant waived his right to a trial by twelve jurors and allowed the remaining eleven jurors to determine his guilt or innocence. *Id.* Our Supreme Court held that despite the defendant's at-trial waiver, Article I, Section 24 required a jury composed of twelve jurors, and any conviction returned by fewer than twelve jurors was a nullity. *Id.* at 79-80, 185 S.E.2d at 192-93. The Court therefore remanded the case for a new trial. *Id.* at 80, 185 S.E.2d at 193.

Similarly, in *State v. Bunning*, 346 N.C. 253, 485 S.E.2d 290 (1997), a juror became ill during sentencing deliberations and was replaced with an alternate juror. *Id.* at 255, 485 S.E.2d at 291. Our

Supreme Court found a violation of Article I, Section 24, stating that "eleven jurors fully participat[ing] in reaching a verdict, and two jurors participat[ing] partially in reaching a verdict. . . . is not the twelve jurors required to reach a valid verdict in a criminal case." *Id.* at 256, 485 S.E.2d at 292. The Court then determined whether harmless error analysis was appropriate:

> The State contends that if there is error, we should apply a harmless error analysis. This we cannot do. A trial by jury which is improperly constituted is so fundamentally flawed that the verdict cannot stand. In order to determine whether there was prejudice, any hearing would "invade[] the sanctity, confidentiality, and privacy of the jury process," which we should not do.

*Id.* at 257, 485 S.E.2d at 292 (quoting *State v. Bindyke,* 288 N.C. 608, 627, 220 S.E.2d 521, 533 (1975)). The Court therefore remanded the case for a new sentencing trial. *Id.* at 257, 485 S.E.2d at 293; *see also State v. Poindexter,* 353 N.C. 440, 444, 545 S.E.2d 414, 416 (2001) (holding that where a juror became disqualified during deliberations due to his own misconduct, the jury was rendered "improperly constituted" under Article I, Section 24 and the defendant was automatically entitled to a new trial).

Our Courts have also held, however, that other violations of Article I, Section 24 are subject to harmless error analysis. In *Ashe,* for example, our Supreme Court held that the trial court violated Article I, Section 24 by giving the jury foreperson an instruction and having the foreperson relay the instruction to the jury, rather than instructing all twelve jurors at once. According to the Court, Article I, Section 24 guaranteed the defendant "the right to have all twelve jurors instructed consistently," and the possibility of miscommunication between the foreperson and the rest of the jury regarding the additional instruction deprived the defendant of this right. *Ashe,* 314 N.C. at 35-36, 331 S.E.2d at 657. Nonetheless, the Court applied a harmless error test to determine whether the defendant was entitled to a new trial. *Id.* at 36-39, 331 S.E.2d at 657-59. The Court found that because it was impossible to know whether the foreperson had accurately relayed the trial court's instruction to the rest of the jury, the State could not demonstrate that the trial court's error was harmless, and the defendant was entitled to a new trial. *Id.* at 38-39, 331 S.E.2d at 658-59.

These cases demonstrate that a violation of Article I, Section 24 requires automatic reversal only where a jury was "improperly con-

stituted" in terms of its numerical composition. In other words, where the verdict was rendered by a jury of less than twelve fully-participating jurors, as in *Hudson, Bunning,* and *Poindexter,* the verdict is a nullity. However, *Ashe* demonstrates that a violation of Article I, Section 24 is subject to harmless error review where the error did not affect the numerical structure of the jury, but rather resulted in jurors acting on unequal instructions from the trial court in reaching a verdict.[1]

In the current case, Defendant's jury was not "improperly constituted" from a numerical standpoint. Rather, eleven jurors received one set of instructions from the trial court, and one juror received a different set of instructions from the trial court. This type of violation of Article I, Section 24 is not structural error mandating reversal. We therefore apply harmless error analysis to determine whether Defendant is entitled to a new trial.

## D.

[4] When a defendant demonstrates an at-trial violation of his rights under the North Carolina Constitution, we may sustain the defendant's conviction only if the State proves beyond a reasonable doubt that the error in the defendant's case was harmless. *State v. Huff,* 321 N.C. 1, 34-35, 381 S.E.2d 635, 654 (1989), *vacated on unrelated grounds,* 497 U.S. 1021, 111 L. Ed. 2d 777 (1990).

In the present case, a serious issue arose during jury deliberations that called into question the jury foreperson's ability to determine Defendant's guilt or innocence. The trial court gave the foreperson instructions on how the jury should handle the issue, but it did not give the remaining jurors similar guidance. We are unable to determine what effect this error had on the jury's final determination of Defendant's guilt or innocence, and we therefore hold that the State has not met its burden in this case.

Further, we have previously held that where a trial court's unrecorded conference with a juror results in constitutional error, the State can meet its burden only if the record reveals the substance of the conversation, or if the conversation is adequately reconstructed at trial, and the error proves to be harmless. In *Boyd,* for example, our Supreme Court held that the trial court violated the

---

1. While the case law cited above demonstrates that some types of Article I, Section 24 violations are structural and others are not, *Ashe* demonstrates that even non-structural violations of Article I, Section 24 are automatically preserved for appellate review. *See Ashe,* 314 N.C. at 39, 331 S.E.2d at 659.

defendant's right of confrontation by holding unrecorded bench conferences with prospective jurors. *Boyd*, 332 N.C. at 104-05, 418 S.E.2d at 473. The Court then determined that the defendant was entitled to a new trial:

> Where . . . the transcript reveals the substance of the [unrecorded] conversations, or the substance is adequately reconstructed by the trial judge at trial, we have been able to conclude that the error was harmless beyond a reasonable doubt.
>
> Here, the substance of the conversation between the trial judge and the excused juror is not revealed by the transcript nor did the trial judge reconstruct it at trial. The State, therefore, cannot demonstrate the harmlessness of the error beyond a reasonable doubt; and [the] defendant must be given a new trial.

*Id.* at 106, 418 S.E.2d at 474. *See also, e.g., State v. Smith*, 326 N.C. 792, 795, 392 S.E.2d 362, 363-64 (1990) (holding that the State could not meet its burden of proving harmless constitutional error where the record did not disclose the substance of the trial court's unrecorded conversations with potential jurors).

In the present case, the transcript does not disclose the content of the trial court's unrecorded bench conferences with the jury foreperson, nor did the trial court reconstruct the substance of those conferences for the record. Without a record of the trial court's conversations with the jury foreperson, "we cannot exercise meaningful appellate review" and are constrained to hold that the State has failed to meet its burden. *Id.* at 795, 392 S.E.2d at 364. Defendant is therefore entitled to a new trial.

Defendant also assigns error to certain additional jury instructions given by the trial court, and to the trial court's entry of a restitution award in favor of the State. We do not expect that these issues are likely to recur upon retrial, and we therefore decline to address these arguments.

New trial.

Judge STEPHENS concurs.

Judge TYSON dissents with a separate opinion.

TYSON, Judge dissenting.

The majority's opinion grants Lekkie Constantine Wilson ("defendant") a new trial based on the trial court's conferences with only the jury foreman. I disagree and respectfully dissent.

## I. Waiver

The majority's opinion correctly notes that "our Court generally does not review constitutional arguments for the first time on appeal." (Citing *State v. King*, 342 N.C. 357, 364, 464 S.E.2d 288, 293 (1995)). Yet, the majority's opinion holds defendant preserved his constitutional argument that the trial court erred when it held "unrecorded" conversations with the jury foreman, *even though defendant failed to object at trial.* The majority's opinion incorrectly relies on our Supreme Court's opinion in *State v. Ashe* as a basis for this holding. 314 N.C. 28, 331 S.E.2d 652 (1985).

In *Ashe*, our Supreme Court held that N.C. Gen. Stat. § 15A-1233(a) "requires all jurors to be returned to the courtroom when the jury 'requests a review of certain testimony or other evidence.' " 314 N.C. at 36, 331 S.E.2d at 657. Our Supreme Court stated:

Both Art. I, § 24 of the North Carolina Constitution and N.C.G.S. § 15A-1233(a) require the trial court to summon all jurors into the courtroom before hearing and addressing a jury request to review testimony and to exercise its discretion in denying or granting the request. Under the principles stated above, failure of the trial court to comply with these statutory mandates entitles defendant to press these points on appeal, notwithstanding a failure to object at trial.

*Id.* at 40, 331 S.E.2d at 659.

Our Supreme Court's holding in *Ashe* is simply not applicable to the facts at bar. 314 N.C. at 40, 331 S.E.2d at 659. Here, the trial court did not give an individual explanatory instruction to the foreman after a request to review testimony, as was the case in *Ashe*. 314 N.C. at 33, 331 S.E.2d at 656. The trial court merely spoke with the foreman after he stated, "[the other jurors] seem to think that I already have my mind made up." The trial court conducted all conversations with the foreman in the presence of and without objection from counsel for both the State and defendant.

Our Supreme Court's holding in *State v. Tate* is controlling precedent based on the facts at bar. 294 N.C. 189, 239 S.E.2d 821 (1978). In

*Tate,* "jurors asked, or started to ask, questions addressed to the [trial] court. In [both instances, the trial court] directed the juror to approach the bench and a private discussion between the judge and juror ensued." 294 N.C. at 197, 239 S.E.2d at 827. Our Supreme Court stated:

> We are of the opinion that the trial court's private conversations with jurors were ill-advised. The practice is disapproved. At least, the questions and the court's response *should be made in the presence of counsel.* The record indicates, however, that defendant did not object to the procedure or request disclosure of the substance of the conversation. *Failure to object in apt time to alleged procedural irregularities or improprieties constitutes a waiver.*

*Id.* at 198, 239 S.E.2d at 827 (citations omitted) (emphasis supplied).

Based on our Supreme Court's holding in *Tate,* defendant's failure to object to the trial court's conversation with the foreman outside the presence of the other eleven jurors, waived his right to appeal this alleged error. 294 N.C. at 198, 239 S.E.2d at 827. Having determined defendant waived his right to appeal this assignment of error, the issue becomes whether this Court may review defendant's assignment of error under plain error review.

## II. Plain Error Review

In *State v. Cummings,* our Supreme Court stated:

> In criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule of law without any such action may still be the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error. *See* N.C. R. App. P. 10(c)(4). When a defendant does not allege plain error, the question may still be reviewed in the exercise of the Court's discretion. *See* N.C. R. App. P. 2.

361 N.C. 438, 469, 648 S.E.2d 788, 807 (2007), *cert. denied,* —— U.S. ——, 170 L. Ed. 2d 760 (2008).

As defendant failed to object to the trial court's conversations with the foreman or to assert or argue plain error to this Court, this issue is not properly preserved for appellate review. N.C.R. App. P. 10(c)(4) (2007). Appellate Rule 2 is the sole basis to review this issue and may only be invoked to prevent "manifest injustice" to

defendant. N.C.R. App. P. 2 (2007); *see State v. Hart*, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007) ("This Court has tended to invoke [Appellate] Rule 2 for the prevention of 'manifest injustice' in circumstances in which substantial rights of [a criminal defendant] are affected." (Citations omitted)).

### A. Standard of Review

"[P]lain error analysis applies only to instructions to the jury and evidentiary matters." *State v. Greene*, 351 N.C. 562, 566, 528 S.E.2d 575, 578 (citing *State v. Atkins*, 349 N.C. 62, 505 S.E.2d 97 (1998), *cert. denied*, 526 U.S. 1147, 143 L. Ed. 2d 1036 (1999)), *cert. denied*, 531 U.S. 1041, 148 L. Ed. 2d 543 (2000). "The plain error rule is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, . . . it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty." *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quotation omitted).

### B. Analysis

The foreman approached the court to convey that the other jurors had expressed a belief that he had already made up his mind. With counsel for both parties present at all times, the trial court told the foreman that "[t]he issues about which we had talked in this courtroom, both here at the bench and also openly on the record, are issues that you are not to share with the other jurors . . . ." The trial court then stated that it believed the foreman could "continue to be a fair and impartial juror" and the foreman agreed that there was no "reason why [he could not] continue as a juror in this case[.]"

Based on the totality of the trial court's conversations with the foreman, it cannot be said that the trial court's conversation with the foreman was an "instruction" or, if so, that "the instructional mistake had a probable impact on the jury's finding that . . . defendant was guilty." *Odom*, 307 N.C. at 660, 300 S.E.2d at 378 (quotation omitted). This assignment of error should be overruled. Having determined that this assignment of error should be overruled, I review defendant's remaining assignments of error.

### III. N.C. Gen. Stat. § 15A-1235

Defendant argues that the trial court committed plain error when it "omitt[ed] critical language from [the N.C. Gen. Stat. § 15A-1235] jury instruction . . . ." I disagree.

N.C. Gen. Stat. § 15A-1235(b) (2007) states:

Before the jury retires for deliberation, the judge may give an instruction which informs the jury that:

(1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(4) No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

Defendant argues the trial court committed plain error when it gave the following instruction to the jury:

You all have a duty to consult with one another and deliberate with a view toward reaching an agreement, if it can be done without violence to individual judgment. Each of you must decide the case for yourself but only after an impartial consideration of the evidence with your fellow jurors. In the course of deliberations, each of you should not hesitate to reexamine your own views and change your opinion, if it is erroneous, but none of you should surrender your honest conviction as to the weight of the evidence solely because of the opinion of your fellow jurors or for the purpose of returning a verdict.

"The instructions prescribed in [N.C. Gen. Stat.] § 15A-1235 . . . need not be given verbatim whenever a jury is deadlocked; rather, such instructions are guidelines, and the trial judge must be allowed to exercise his sound judgment to deal with the myriad different circumstances he encounters at trial." *State v. Jeffries*, 57 N.C. App. 416, 421, 291 S.E.2d 859, 862 (quotation omitted), *disc. rev. denied*, 306 N.C. 561, 294 S.E.2d 374 (1982). The challenged instruction substantially conforms to the guideline instruction in N.C. Gen. Stat. § 15A-1235. *Id.* This assignment of error should be overruled.

STATE v. WILSON

[192 N.C. App. 359 (2008)]

## IV.  Restitution

In his final argument on appeal, defendant argues the trial court erred when it awarded restitution in the amount of $118.86 to the Newport Police Department. I agree.

> A state or a local agency can be the recipient of restitution where the offense charged results in particular damage or loss to it over and above its normal operating costs. It would be reasonable, for example, to require a defendant to pay the State for expenses incurred to provide him with court appointed counsel should he ever become financially able to pay. It would not however be reasonable to require the defendant to pay the State's overhead attributable to the normal costs of prosecuting him.

*Shore v. Edmisten*, 290 N.C. 628, 633-34, 227 S.E.2d 553, 559 (1976) (internal citations omitted).

The trial court awarded the Newport Police Department $118.86 based on the mileage attributable for the extradition and transportation of a co-defendant from Quantico, Virginia to testify for the prosecution in defendant's trial. The costs to bring a witness in to court to testify does not constitute an expense "over and above [the State's] normal operating costs." *Id.* at 634, 227 S.E.2d at 559. "It [is] not . . . reasonable to require . . . defendant to pay the State's overhead attributable to the normal costs of prosecuting him." *Id.* (citations omitted).

Based on our Supreme Court's holding in *Shore*, the trial court erred when it awarded the Newport Police Department $118.86 in restitution. 290 N.C. at 633-34, 227 S.E.2d at 559. This portion of the trial court's judgment should be vacated.

## V.  Conclusion

Defendant waived his right to appeal the trial court's conversations with the foreman outside the presence of the other eleven jurors. *Tate*, 294 N.C. at 198, 239 S.E.2d at 827. Without objection to preserve the error or the assertion and argument of plain error, review of this assignment of error pursuant to N.C.R. App. P. 2 is appropriate in order "[t]o prevent manifest injustice to [defendant] . . . ." Defendant failed to show that the trial court's conversation with the foreman was an "instructional mistake" to constitute plain error. *Odom*, 307 N.C. at 660, 300 S.E.2d at 378 (quotation omitted).

GEMINI DRILLING & FOUND., LLC v. NATIONAL FIRE INS. CO. OF HARTFORD

[192 N.C. App. 376 (2008)]

The trial court properly instructed the jury pursuant to N.C. Gen. Stat. § 15A-1235(b). *Jeffries*, 57 N.C. App. at 421, 291 S.E.2d at 862. There was no error in the jury's verdict.

The trial court improperly awarded the Newport Police Department restitution in the amount of $118.86. This portion of the trial court's judgment should be vacated. *Shore*, 290 N.C. at 633-34, 227 S.E.2d at 559. In all other respects, there is no error in the jury's verdict or the judgment entered thereon. I respectfully dissent.