STATE OF NORTH CAROLINA v. KYLE JARON BUNCH

No. COA08-558

(Filed 21 April 2009)

**Constitutional Law— trial by jury—error in instructions—not structural—harmless error review**

Failure to instruct on an essential element of a crime is not structural error, reversible per se, but subject to harmless error review. Here, the omission of two of the elements of the crime from a felony murder instruction was harmless error because the instructions were sufficient overall and there was overwhelming evidence to satisfy the two elements.

Judge ELMORE dissenting.

Appeal by defendant from judgments entered 20 September 2006 by Judge Clifton W. Everett, Jr., in Pasquotank County Superior Court. Heard in the Court of Appeals 19 November 2008.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Steven M. Arbogast, for the State.*

*Appellate Defender Staples Hughes, by Benjamin Dowling-Sendor, for defendant.*

———

JACKSON, Judge.

Kyle Jaron Bunch ("defendant") appeals his 20 September 2006 conviction of first-degree murder and robbery with a dangerous weapon. For the reasons stated below, we hold any error harmless.

On 1 March 2004, three African-American men dressed in black and wearing black fabric masks over their faces entered a home occupied by James Arthur "Art" Bowen ("Bowen"), Richard Preston Hewlin, Jr., and Brian Jarrod Pender ("Pender"). One of the intruders had a handgun and another had a shotgun. The intruders ordered the men down and to surrender any cell phones or cash. One intruder repeatedly asked, "Where is it at?" Bowen, apparently unaware of what the intruder was referring to, responded that the men had nothing of value but that the intruders could take anything they wanted from the house, including the keys to Bowen's new truck. As the robbery was winding down and the intruders prepared to leave, the man holding the shotgun pointed it at Pender, "racked" the gun, and then pulled the trigger. The gun went off, killing Pender. Several men were involved in planning the robbery. Three of the other men involved identified defendant as the man holding the shotgun.

Defendant was tried for first-degree murder, first-degree burglary, and robbery with a dangerous weapon. The State proceeded on two theories of first-degree murder: felony murder and first-degree murder by malice, premeditation, and deliberation. On 18 September 2006, a jury convicted defendant of (1) first-degree murder pursuant to the felony murder rule but not malice, premeditation, and deliberation; (2) first-degree burglary; and (3) robbery with a dangerous weapon. After hearing testimony as to sentence, the jury recommended defendant be sentenced to life imprisonment. The trial court sentenced defendant to life imprisonment without parole for the murder and an additional 103 to 133 months imprisonment as a Level III felon for robbery with a dangerous weapon. Defendant now appeals.

Defendant argues that he is entitled to a new trial because the trial court failed to instruct the jury about two elements of felony murder, violating his constitutional right to a trial by jury. We disagree.

The State concedes that the trial court omitted two elements from its first-degree felony murder instructions, but argues that the jury instructions "as a whole" presented the law of felony murder fairly and clearly to the jury; any error was harmless error. Defendant, on the other hand, argues that the error is reversible

*per se* pursuant to Article I, Section 24, of the North Carolina Constitution, and that no harmless error analysis is necessary. This appears to be an issue of first impression.

Article I, Section 24, establishes the right to have a jury trial in criminal cases. It states, in full, that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court. The General Assembly may, however, provide for other means of trial for misdemeanors, with the right of appeal for trial *de novo*." N.C. Const. art. I, § 24 (2005). Unlike the right to a jury trial established by the Sixth Amendment of the U.S. Constitution, the right to a jury trial pursuant to Article I, Section 24, cannot be waived. *State v. Thompson*, 118 N.C. App. 33, 41, 454 S.E.2d 271, 276; *disc. rev. denied*, 340 N.C. 262, 456 S.E.2d 837 (1995) (citations omitted).

Defendant contends that our Supreme Court's opinion in *State v. Cox*, 265 N.C. 344, 144 S.E.2d 63 (1965), demonstrates that a violation of the right to a jury trial pursuant to Article I, Section 24, requires automatic reversal of a conviction. In *Cox*, the defendant was convicted in district court of "the unlawful possession, transportation, and possession for the purpose of sale of 39 gallons of nontaxpaid whiskey." *Id.* at 344, 144 S.E.2d at 63. On appeal to the superior court, the defendant entered a plea of not guilty and waived a jury trial. *Id.* The superior court convicted the defendant, who appealed, "assigning as error the admission of certain evidence and the failure of the court to allow his motion for nonsuit." *Id.* Our Supreme Court issued the following short *per curiam* opinion:

> On the face of the record there appears a fatal error which the Court will notice *ex mero motu*. This case is controlled by *State v. Muse*, 219 N.C. 226, 13 S.E.2d 229, in which the Court said:
>
>> When a defendant in a criminal prosecution in the Superior Court enters a plea of not guilty he may not, without changing his plea, waive his constitutional right of trial by jury, the determinative facts cannot be referred to the decision of the court even by consent—they must be found by the jury.
>
> Since the guilt of defendant has not been established by a verdict, the sentence imposed by the judge is a nullity. No trial has been had. The case is remanded to the Superior Court for a trial by jury as the law provides.

*Id.* at 345, 144 S.E.2d at 64 (quotation marks and additional citations omitted).

Here, defendant reasons that the deficient jury instruction resulted in the waiver of his right to a jury trial because his guilt was not established by a jury verdict; therefore, the sentence is a nullity and "[n]o trial has been had."

"[O]ne charged with crime in this state is entitled as a matter of right, under both the federal and state Constitutions, to a jury trial as to every essential element of the crime charged." *State v. Field*, 75 N.C. App. 647, 648, 331 S.E.2d 221, 222, *disc. rev. denied, appeal dismissed*, 314 N.C. 671, 337 S.E.2d 582 (1985) (citing *State v. Lewis*, 274 N.C. 438, 164 S.E.2d 177 (1968)). "[T]he determinative facts cannot be referred to the decision of the court even by consent—they must be found by the jury." *State v. Muse*, 219 N.C. 226, 227, 13 S.E.2d 229, 229 (1941) (citation omitted). That defendant potentially may have waived his right through his attorney's carelessness does not affect the outcome. "[A]n attorney has no right, in the absence of express authority, to waive or surrender by agreement or otherwise the substantial rights of his client." *State v. Mason*, 268 N.C. 423, 426, 150 S.E.2d 753, 755 (1966) (citation omitted). Certainly, the right to a jury trial is a substantial one.

The State concedes that the right to a jury trial pursuant to Article I, Section 24 cannot be waived, but contends that the omission of essential elements of a crime from a jury instruction is not the equivalent of a waiver. The United States Supreme Court has held that the omission of an essential element from jury instructions does not constitute structural error and is subject to harmless error analysis. *Neder v. United States*, 527 U.S. 1, 15, 144 L. Ed. 2d 35, 51 (1999). The Court did not address the possibility of multiple omissions in *Neder*, but it appears that the number of omissions could be a factor in harmless error analysis. *See Arizona v. Fulminante*, 499 U.S. 279, 307-08, 113 L. Ed. 2d 302, 330 (1991) (noting that all of the cases involving constitutional errors that the U.S. Supreme Court used harmless error to evaluate "involved 'trial error'—error which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt"). However, we note that *Neder* and *Fulminante* were decided pursuant to the Sixth Amendment, not Article I, Section 24.

Our Supreme Court reached the threshold of this question in *State v. Blackwell*, 361 N.C. 41, 52, 638 S.E.2d 452, 459 (2006), *cert. denied*, 550 U.S. 948, 167 L. Ed. 2d 1114 (2007), but did not cross it. In *Blackwell*, the defendant alleged constitutional errors pursuant to the

Sixth Amendment and Article I, Section 24, because the judge at his trial did not submit aggravated sentencing factors to a jury. Our Supreme Court held that this failure constituted an error pursuant to *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), but that *Blakely* errors are subject to federal harmless error review. *Id.* at 51, 638 S.E.2d at 459. Our Supreme Court held that, in the defendant's case, the error was harmless and no new trial was necessary pursuant to the Sixth Amendment. *Id.* The defendant also argued that "the trial court's failure to submit an aggravated sentencing factor to the jury [was] reversible *per se*" pursuant to Article I, Section 24 because "the State Constitution provides additional protection to criminal defendants above and beyond [*Washington v.*] *Recuenco*, [548 U.S. 212, 165 L. Ed. 2d 466 (2006)] and therefore, *Blakely*-type error is reversible per se under state law." *Id.* The Court did not reach the question "of whether harmless error or structural error would apply under this provision of the State Constitution" because "aggravating factors are not, and have never been, elements of a 'crime' for purposes of Article I, Section 24 analysis." *Id.* at 51-52, 638 S.E.2d at 459-60.

Neither this Court nor our Supreme Court has addressed the question since *Blackwell*, and *Blackwell* certainly leaves open the possibility that the omission of an essential element of a crime during a jury instruction is reversible error *per se*. However, this Court recently explained that a violation of Article I, Section 24's "twelve juror" requirement "requires automatic reversal only where a jury was 'improperly constituted' in terms of its numerical composition. . . . [W]here the verdict was rendered by a jury of less than twelve fully-participating jurors . . . the verdict is a nullity." *State v. Wilson*, 192 N.C. App. 359, 368-69, 665 S.E.2d 751, 756 (2008). If "the error did not affect the numerical structure of the jury, but rather resulted in jurors acting on unequal instructions from the trial court in reaching a verdict," then the error is subject to harmless error review. *Id.*

We note that several older cases ordered new trials following the omission of an essential element of the crime charged from the jury instructions. For example, in *State v. Mundy*, 265 N.C. 528, 144 S.E.2d 572 (1965), the defendant was tried for armed robbery, but the trial judge did not submit the element of a "taking of personal property with felonious intent," which "is an essential element of the offense of armed robbery." *Id.* at 529, 144 S.E.2d at 574. The Court did not engage in any constitutional analysis or even refer to either constitution, and instead concluded simply, "An instruction [on felonious intent], though not necessarily in these words, is *essential* in robbery

cases. New trial." *Id.* at 530, 144 S.E.2d at 574 (emphasis added). *Mundy* relies upon *State v. Spratt*, 265 N.C. 524, 144 S.E.2d 569 (1965), in which the defendant also was charged with armed robbery. *Id.* at 525, 144 S.E.2d at 571. About defendant Spratt's trial the Supreme Court stated:

> A taking with "felonious intent" is an essential element of the offense of armed robbery, of attempt to commit armed robbery, and of common law robbery, and it is *prejudicial error* for the court to charge that defendant may be convicted of such offense even though the taking was without felonious intent.

*Id.* at 526, 144 S.E.2d at 571 (citation omitted) (emphasis added). *See also State v. Avery*, 315 N.C. 1, 31, 337 S.E.2d 786, 803 (1985) ("Knowledge being an essential element of the crime, the failure of the trial judge to instruct on this element must be held to be *prejudicial error*." (citation omitted) (emphasis added). These cases suggest that no further analysis is necessary once we have determined that the trial court omitted an essential element from the jury trial.

Although the term "structural error" as we understand it today did not exist when *Mundy* and *Spratt* were decided, the analytical process is identical: Upon identifying the error, we order a new trial. Although, we may infer that these prior decisions indicate "structural error," we just as easily could infer that in applying harmless error analysis the errors in those cases were not "harmless;" they were prejudicial. Intent is a mental attitude which rarely is provable by direct evidence but ordinarily must be shown by circumstances from which it may be inferred. *State v. Bell*, 285 N.C. 746, 750, 208 S.E.2d 506, 508 (1974) (citations omitted). It is understandable why our Courts previously have ordered a new trial based upon the absence of instructions on such a subjective element.

In *State v. Wallace*, 104 N.C. App. 498, 410 S.E.2d 226 (1991), *cert. denied*, 506 U.S. 915, 121 L. Ed. 2d 241 (1992), this Court stated that "[a]n instructional error of the type here presented is not unlike the errors at issue in *Pope* and *Rose* and is not, as defendant urges, reversible error *per se*; instead, such an error is subject to either a harmless error or plain error analysis . . . ." *Id.* at 505-06, 410 S.E.2d at 231 (referring to *Pope v. Illinois*, 481 U.S. 497, 95 L. Ed. 2d 439 (1987)—in which harmless error analysis was applied to an obscenity instruction which erroneously charged the jury to apply a contemporary community standard to the "value" element of the offense—and

*Rose v. Clark*, 478 U.S. 570, 92 L. Ed. 2d 460 (1986)—in which harmless error analysis was applied to a malice instruction in a murder trial which unconstitutionally shifted the burden of proof to the defendant). In *Wallace*, the trial court failed to instruct the jury on actual or constructive presence to prove a theory of acting in concert. *Id.* at 501, 410 S.E.2d at 228.

Given this Court's recent opinion in *Wilson*, and our prior opinion in *Wallace*, it appears that failure to instruct on an essential element of a crime is not structural error, reversible *per se*, but rather an error to which we may apply harmless error review.

Here, in its first mention of the first-degree murder charge during the jury instructions, the trial court stated:

In case number 04 CRS 50597, you will be called upon to answer by your unanimous verdict whether [defendant] is guilty of first degree murder and if you answer that yes, was it on the basis of malice, premeditation, and deliberation, or under the first degree felony murder rule or both or whether he is guilty of second degree murder or not guilty.

After giving the jury an overview of the charges, the trial court then instructed the jury on first-degree murder based upon a theory of malice, premeditation, and deliberation, including an instruction on acting in concert. The trial court then instructed:

Now I further charge that for you to find the Defendant guilty of first degree murder under the first degree felony murder rule, the State must prove three [3] things beyond a reasonable doubt.

First, that the Defendant or someone with whom he was acting in concert committed first degree burglary and/or robbery with a dangerous weapon.

The trial court then instructed on the elements of first-degree burglary and robbery with a dangerous weapon without enumerating the other two elements of first-degree felony murder; it gave the mandate and continued to the instructions for second-degree murder. However, these elements are not absent from the instructions as a whole.

Pursuant to the North Carolina Pattern Jury Instructions, after instructing on the underlying felonies, the trial court should have continued:

Second, that while committing or attempting to commit first-degree burglary or robbery with a dangerous weapon, the defendant killed the victim with a deadly weapon.

And Third, that the defendant's act was a proximate cause of the victim's death. A proximate cause is a real cause, a cause without which the victim's death would not have occurred.

N.C.P.I. Crim. 206.14 (2006). Although these elements were not included in the felony murder rule instructions, the jury was instructed on these elements as part of the jury instructions *in toto.*

As part of the instructions with respect to first-degree murder by malice, premeditation, and deliberation, the jury was instructed that "the State must prove . . . beyond a reasonable doubt . . . that the Defendant or someone with whom he was acting in concert . . . killed the victim with a deadly weapon." This instruction, combined with the instructions given on acting in concert and first-degree burglary sufficiently instructs the jury as to the second element of first-degree murder by the felony murder rule.

Also as part of the first-degree murder by malice, premeditation, and deliberation instructions, the jury was instructed that "the State must prove that the Defendant's act or the act of someone with whom he was acting in concert was [the] proximate cause of the victim's death. A proximate cause is a real cause. A cause without which the victim's death would not have occurred." This instruction sufficiently instructs the jury as to the third element of first-degree murder by the felony murder rule.

Pursuant to harmless error analysis, the evidence is quite clear that one of the robbers, with whom defendant was acting in concert, shot Pender with a shotgun (a deadly weapon) and that this shot was the proximate cause of his death. Further, the jury found defendant guilty of robbery with a dangerous weapon. This demonstrates that the jury found beyond a reasonable doubt that defendant used a dangerous weapon, by at least acting in concert.

The fact that the jury did not find defendant guilty of first-degree murder by malice, premeditation and deliberation does not detract from the effectiveness of the trial court's instructions. The element of malice, premeditation, and deliberation, like felonious intent, is a subjective element. Had the trial court not instructed on it, and the jury found defendant guilty by that theory, we may be more inclined

to determine that the error was not harmless and a new trial is warranted. Further, had the omitted instructions not been given at any time during the jury charge, we might be more inclined to so rule. However, because in this case the instructions, *in toto*, were sufficient, and there was overwhelming evidence to satisfy the two elements on which the trial court failed to instruct as to the theory of felony murder, any error was harmless.

No prejudicial error.

Judge ELMORE dissents in a separate opinion.

Judge ROBERT C. HUNTER concurs.

ELMORE, Judge, dissenting.

For the reasons stated below, I respectfully dissent from the majority opinion and would vacate defendant's conviction.

The majority notes that we could as easily infer from *Mundy* and *Spratt* that the omission of essential elements from a jury instruction is an error *per se* as we could infer that the omission was not harmless error. I would argue that inferring harmless error analysis where there is none requires reading significant language into *Mundy* and *Spratt* that does not otherwise exist. In those cases, the Court noted that essential elements were omitted from the jury instructions and then, without further analysis, ordered new trials. Accordingly, I would hold that the trial court's failure to instruct the jury on two of the three elements of felony murder is reversible error *per se*, or "structural error" in the current parlance, and requires a new trial. Our state Constitution guarantees all felony defendants a nonwaivable right to a jury trial; omitting two-thirds of the elements from the jury instructions amounts to the judge, not the jury, having the final say on those elements.

Furthermore, if I were to apply harmless error analysis to defendant's case, I would still grant defendant a new trial. The jury delivered a verdict sheet indicating that it had found defendant guilty of first degree murder on the basis of the first degree felony murder rule, but not on the basis of malice, premeditation, and deliberation. The jury had the option of returning a verdict finding defendant guilty of both types of first degree murder, just one of the two types, neither type, or second degree murder. Of course, the jury also had the option of

finding defendant not guilty. The trial court's felony murder instruction was limited to whether "[d]efendant or someone with whom he was acting in concert committed first degree burglary and/or robbery with a dangerous weapon." Although the majority argues that the two missing elements were adequately covered by the jury instructions for first degree murder on the basis of malice, premeditation, and deliberation, I cannot agree. It is untenable to encourage or allow a jury to reach a guilty verdict for a particular crime by substituting elements of other crimes for which the defendant is charged. Even though the two missing elements are nearly identical to two of the five elements of premeditated murder, it is unclear to me how the jury would have known to apply those two elements during its felony murder analysis. The trial court discussed the felony murder rule several times in its instructions, but did not accurately describe the rule or the elements during any of them. Although we will uphold instructions that, when "viewed in their entirety, present the law fairly and accurately to the jury," *State v. Roache*, 358 N.C. 243, 304, 595 S.E.2d 381, 420 (2004), in my opinion, these instructions fall outside the intended scope of that rule. I cannot uphold a verdict that is based upon an assumption that a jury cobbled together a fair and accurate representation of the felony murder rule from the instructions given on premeditated murder.

Accordingly, for the reasons stated above, I would vacate defendant's conviction and order a new trial.