STATE OF NORTH CAROLINA
v.
ANQUAN LAMONT MASSENBURG
No. COA09-719.
Court of Appeals of North Carolina.
Filed April 6, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Dahr Joseph Tanoury, for the State.
Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant-appellant. 
ROBERT N. HUNTER, JR., Judge.
On 25 November 2008, a jury found Anquan Lamont Massenburg ("defendant") guilty of possession with intent to sell or deliver marijuana and maintaining a place to keep controlled substances. Subsequent to the jury verdict, defendant admitted his status as an habitual felon. Defendant appeals the trial court's decision to instruct the jury on accomplice testimony and not allowing the jury to review the transcript. We find no error.
The facts relevant to defendant's appeal are as follows: On 21 August 2007, defendant Anquan Lamont Massenburg was indicted for maintaining a place to keep controlled substances, possession with intent to sell or deliver marijuana, and being an habitual felon. The case was tried at the 19 November 2008 Criminal Session of Wake County Superior Court.
On 20 June 2007, Tiffany Cross was living at 3017 Mid Pines Road in Raleigh, North Carolina. Cross lived with defendant and Pamela Brooks. Some time around noon, Cross helped defendant close a safe that contained a plastic bag filled with money. She then went to the kitchen to cook a chicken she had purchased. Cross testified that she stepped into the living room to say something to Brooks, when she "heard something outside. Someone saying get out the car, get out the car." Cross stated that defendant had gone outside the home to start his car, and when she heard what was going on outside of the house, she thought they were being robbed. Cross grabbed her cell phone, went to the back of the house, and called 911. As she called 911, she heard "pop, pop, pop." She told 911 to "hurry" because "shots are being fired." Cross hid in a closet until she heard the house door slam and defendant call for her. Cross came out of the closet and met defendant halfway down the hallway. Defendant, who had blood on his hands and was holding his stomach, was carrying the safe that Cross had previously helped him close. Cross took the safe and placed it in the attic. Cross began cleaning the house, "trying to clean up what I am thinking [defendant would] want me to clean up." Cross cleaned Pyrex containers and cooking utensils that were used to cook crack cocaine. However, the police arrived before she was able to do much cleaning, and she accompanied defendant to the hospital.
Officer Scott Booth of the Wake County Sheriff's Office arrived at the home to investigate the shooting. While walking through the residence, he saw digital scales on a small table. Officer Booth noticed a "white powdery substance" on and around the scales. Officer Booth then found a box of straight razor blades. Officer Booth believed the scales and razors were evidence of drug activity and called his sergeant. Based on Officer Booth's information, officers from the drug and vice unit obtained a search warrant for defendant's residence. Upon searching the residence, officers found ecstasy, cocaine, marijuana, additional digital scales, silver calibration weights, baking soda, and mixing utensils. A search of the attic revealed a safe with blood on it, measuring cups, strainers, mixing tools, baking soda and numerous plastic bags. The safe contained $10,968.00, numerous plastic bags, and marijuana. A search of defendant's vehicle, which was in the driveway, turned up more marijuana and digital scales.
Defendant and Cross were subsequently charged with drug offenses. Cross pled guilty to trafficking in cocaine by possession, trafficking in ecstasy by possession, maintaining a place to keep controlled substances, and possession with intent to sell or deliver marijuana. At defendant's trial, Cross testified as to the events of 20 June 2007, and further that she had previously helped defendant sell and deliver drugs. Cross also testified that her sentencing had been continued in order to allow her to provide substantial assistance, and that after she pled guilty, she had spoken with detectives about what happened on 20 June 2007.
Defendant was convicted of possession with intent to sell or deliver marijuana and maintaining a place to keep controlled substances. Defendant also admitted to his status as an habitual felon. The trial court sentenced defendant to a term of 116 to 149 months' imprisonment. Defendant appeals.
Defendant first argues that the trial court erred by instructing the jury on accomplice testimony. The trial court instructed the jury that:
If you find that a witness was an accomplice as to one or more of the charges, you should examine every part of such a witness' testimony with the greatest care and caution. An accomplice is a person who joins with another in the commission of a crime.
The accomplice m[a]y actually take part in acts necessary to accomplish the crime or may knowingly help or encourage another in the crime, either before or during its commission. An accomplice is considered by the law to have an interest in the outcome of the case.
If you find that a witness was an accomplice, you should examine every part of the testimony of such witness with the greatest care and caution. After doing so, if you believe the testimony in whole or in part, you should treat what you believe the same as any other believable evidence.
Defendant contends that by instructing the jury that Cross was an accomplice,
the trial court resolved a pivotal, factual dispute in favor of the [S]tate's version of the facts: Cross was an accomplice, Cross had joined with another person to commit the crimes, and [defendant] was the only other person with whom she could have acted under the evidence before the jury.
Defendant thus asserts that the trial court's instruction was in violation of N.C. Gen. Stat. §§ 15A-1222 and -1232. We disagree.
This Court "will uphold instructions that, when `viewed in their entirety, present the law fairly and accurately to the jury[.]'" State v. Bunch, __ N.C. App. __, __, 675 S.E.2d 103, 108 (2009) (quoting State v. Roache, 358 N.C. 243, 304, 595 S.E.2d 381, 420 (2004)); see also State v. Blizzard, 169 N.C. App. 285, 296-97, 610 S.E.2d 245, 253 (2005) (instructions to be reviewed contextually and in their entirety). In State v. Castaneda, __ N.C. App. __, __, 674 S.E.2d 707, 712-13 (2009), this Court granted the defendant a new trial based on the following jury instruction:
I instruct you that the witness, Mr. Torres, was an accomplice, and you should examine every part of such a witness's testimony with the greatest care and caution. An accomplice is a person who joins with another in the commission of a crime. The accomplice  and in this case, Mr. Torres  may actually take part in the acts necessary to accomplish the crime or may knowingly help and encourage another in the commission of the crime, either before or during its commission.
Id. at __, 674 S.E.2d at 712. This Court stated that by twice identifying Torres as an accomplice, and defining accomplice as "a person who joins with another in the commission of a crime," that the trial court "unfortunately inadvertently erred such that the trial court resolved the disputed issue of fact for the jury." Id. at __, 674 S.E.2d at 713 (emphasis omitted).
In the instant case, the trial court never identified Cross as an accomplice. Instead, without identifying the witness in question, the trial court twice instructed the jury:

If you find that a witness was an accomplice as to one or more of the charges, you should examine every part of such a witness' testimony with the greatest care and caution.
(Emphasis added.) The trial court's instruction comports with the North Carolina Pattern Jury Instruction on accomplice testimony. See N.C.P.I., Crim. 104.25. Moreover, the trial court's instruction required the jury to determine whether Cross was an accomplice, and if so found, to scrutinize her testimony. See State v. Harris, 290 N.C. 681, 699, 228 S.E.2d 437, 447 (1976). Accordingly, we conclude that the trial court fairly and accurately instructed the jury regarding accomplice testimony.
Defendant also argues that the trial court abused its discretion by refusing to allow the jury to review the trial transcript.
During jury deliberations, the jury sent a note indicating that it wished to review certain witnesses' testimony. The trial court heard from the State and defendant's attorney regarding the request. The State argued that "the standard instruction regarding transcripts" applied, and defendant agreed. The jury was called back to the courtroom, and the trial court addressed the jury as follows:
With respect to your request for transcripts of Detective Allen and Detective Hines' testimony, I am sorry but in the exercise of my discretion I am going to deny your request for those matters to have a specific portion of the testimony given to you.
You as jurors have the responsibility to recall all of the evidence that was presented during the course of the trial. To begin revisiting certain portions of testimony would tend to emphasize part of the evidence without giving equal time to the other parts of the evidence in this case.
And for that reason I concluded that it is best to not give you just part of the evidence, or to have part of the transcript printed up. I will remind you that all the evidence that you heard during the trial is important and that it is your responsibility to recall all of the evidence during your deliberations.
And in the exercise of my discretion, I am going to deny your request for that.
Defendant argues that the trial court failed to exercise any discretion by simply adopting the prosecutor's request for "the standard instruction."
As a preliminary matter, this issue is not preserved for review, because defendant did not object at trial to the trial court's decision, and does not argue plain error in the alternative on appeal. N.C.R. App. P. 10(b)(1), (c)(4) (2009). Nevertheless, pursuant to Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 657 S.E.2d 361 (2008), this Court will address the merits of defendant's argument given the nonjurisdictional nature of the deficiencies presented in brief.
Pursuant to N.C. Gen. Stat. § 15A-1233(a):
If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence.
N.C. Gen. Stat. § 15A-1233(a) (2009). Our Supreme Court has stated that:
This statute imposes two duties upon the trial court when it receives a request from the jury to review evidence. First, the court must conduct all jurors to the courtroom. Second, the trial court must exercise its discretion in determining whether to permit requested evidence to be read to or examined by the jury together with other evidence relating to the same factual issue.
State v. Ashe, 314 N.C. 28, 34, 331 S.E.2d 652, 656 (1985).
There is no dispute that the trial court conducted the jury to the courtroom. Defendant argues, however, that the trial court failed to properly exercise its discretion by refusing to allow the jury to review the witnesses' testimony. We disagree.
Here, the trial court informed the jury that it had a "responsibility to recall" the witnesses' testimony. The trial court further "reminded" the jury that "all of the evidence" was important and that "revisiting certain portions of testimony would tend to emphasize part of the evidence without giving equal time to the other parts of the evidence[.]" These observations indicate that the trial court exercised its discretion when it denied the jury's request. See State v. Corbett, 339 N.C. 313, 337, 451 S.E.2d 252, 265 (1994) ("In instructing the jury to rely upon their individual recollections to arrive at a verdict, the trial court exercised its discretion and complied with the requirements of N.C.G.S. § 15A-1233(a)."); State v. Perez, 135 N.C. App. 543, 555, 522 S.E.2d 102, 110 (1999). Accordingly, we find no error.
No error.
Judges McGEE and GEER concur.
Report per Rule 30(e).