IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1103

Filed 5 November 2025

Forsyth County, Nos. 18CR058151-330, 18CR058152-330

STATE OF NORTH CAROLINA

v.

JAMES AARON GLENN

Appeal by defendant from judgments entered 21 February 2023 by Judge Richard S. Gottlieb in Forsyth County Superior Court. Heard in the Court of Appeals 12 August 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Megan Shook, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

ZACHARY, Judge.

Defendant James Aaron Glenn appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of one count each of statutory rape of a child under 15, second-degree forcible rape, statutory sex offense with a child under 15, and second-degree sex offense, and two counts of taking indecent liberties with a child. On appeal, Defendant contends that he was denied his constitutional right to "a properly constituted jury of twelve." After careful review, we conclude that Defendant received a fair trial, free from error.

## I.     Background

Defendant's case came on for jury trial on 13 February 2023 in Forsyth County Superior Court. After the jury began its deliberations, it sent a note to the trial court requesting, *inter alia*, to review State's Exhibit 6, which had been admitted into evidence but not published to the jury. The court heard from both counsel. The next morning, the court excused the alternate juror from the courtroom and returned the jury to the courtroom. Over the objection of defense counsel, the jurors were permitted to review State's Exhibit 6.

Shortly after the jury resumed its deliberations, the court was informed that there was "an issue with one of the jurors"—namely, Juror #8. The trial court discussed the matter with Juror #8 and then with the jury foreperson (Juror #7), who indicated that the jury was making progress toward a verdict. However, during a break in deliberations, the trial court was approached by a deputy who relayed that "some of the jurors [we]re feeling uncomfortable and unsafe" with Juror #8.

The court interviewed Jurors #6 and #9 individually. Juror #6 stated: "I'm not comfortable being in the room with [Juror #8]" and responded affirmatively when the court asked whether she would be "operating under a fear of retaliation or any bodily harm" while in the jury room with Juror #8. Juror #9 reported that Juror #8 was "borderline belligerent," used "tremendous profanity," made "accusations against other jurors," and engaged in "inappropriate" and "volatile" behavior. Juror #9 also stated that if Juror #8 returned to the jury room, she would have "continued fear" for

her safety and that of her fellow jurors, and that her ability to produce an "honest" conviction would be hampered.

With the assent of counsel, the trial court excused Juror #8 and substituted the alternate juror. The court instructed the jury to begin deliberations anew and the newly constituted jury retired to the jury room.

The jury returned verdicts finding Defendant guilty of all charges. After consolidating Defendant's convictions for statutory rape of a child under 15, second-degree forcible rape, and one count of taking indecent liberties with a child, the trial court sentenced Defendant to a term of 330 to 456 months' imprisonment in the custody of the North Carolina Department of Adult Correction. The court then consolidated Defendant's remaining convictions and imposed a consecutive term of 330 to 456 months' imprisonment. The trial court also entered an order requiring Defendant to register as a sex offender and to enroll in satellite-based monitoring for ten years.

Defendant entered oral notice of appeal.

## II. Discussion

Defendant argues that he was denied his constitutional right to "a properly constituted jury of twelve" because 1) the trial court "substituted an alternate juror after deliberations had begun," and 2) the alternate juror "had not seen the same evidence as the remaining eleven jurors," that is, State's Exhibit 6.

### A. Preservation

The State argues that because Defendant did not object to the alternate juror's substitution or raise any argument regarding the constitutionality of N.C. Gen. Stat. § 15A-1215(a) at trial, "Defendant's constitutional challenge to [N.C. Gen. Stat.] § 15A-1215(a) is unpreserved." However, our Supreme Court recently held that "issues related to the structure of the jury that found [the] defendant guilty [a]re preserved notwithstanding [the] defendant's failure to object at trial." *State v. Chambers,* 387 N.C. 521, 524, 915 S.E.2d 96, 99 (2025). Accordingly, we address the merits of the parties' arguments.

**B. Substitution of an Alternate Juror**

Defendant first contends that "[t]he trial court erred by denying [his] state constitutional right [under Article I, Section 24] to have his guilt determined by a properly constituted jury of twelve when it substituted an alternate juror after deliberations had begun." Defendant argues that N.C. Gen. Stat. § 15A-1215(a), which permits such a substitution, "is unconstitutional both on its face and as applied in this case."

1. Standard of Review

"The standard of review for alleged violations of constitutional rights is de novo." *State v. Boyd*, 297 N.C. App. 624, 629, 912 S.E.2d 178, 183 (citation and italics omitted), *disc. review denied*, 387 N.C. 607, 915 S.E.2d 168 (2025); *see also Chambers*, 387 N.C. at 524, 915 S.E.2d at 98. "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."

*State v. Colt*, 289 N.C. App. 395, 408, 889 S.E.2d 236, 247 (2023) (citation and italics

omitted).

> 2. <u>Analysis</u>

Subsection 15A-1215(a) governs the substitution of alternate jurors before a

verdict is rendered:

> The judge may permit the seating of one or more alternate
> jurors. Alternate jurors must be sworn and seated near the
> jury with equal opportunity to see and hear the
> proceedings. They must attend the trial at all times with
> the jury . . . . When the jurors are ordered kept together,
> the alternate jurors must be kept with them. . . . If at any
> time prior to a verdict being rendered, any juror dies,
> becomes incapacitated or disqualified, or is discharged for
> any other reason, an alternate juror becomes a juror, in the
> order in which selected, and serves in all respects as those
> selected on the regular trial panel. If an alternate juror
> replaces a juror after deliberations have begun, the court
> must instruct the jury to begin its deliberations anew. In
> no event shall more than 12 jurors participate in the jury's
> deliberations.

N.C. Gen. Stat. § 15A-1215(a) (2023).

Article I, Section 24 of the North Carolina Constitution provides that "[n]o

person shall be convicted of any crime but by the unanimous verdict of a jury in open

court." N.C. Const. art. I, § 24. "At common law, a jury was comprised of twelve people,

. . . and our precedent has long recognized that this common law requirement was

engrafted into Article I, Section 24's right to a jury trial." *Chambers*, 387 N.C. at 526,

915 S.E.2d at 99 (citation omitted).

Our Supreme Court has held that § 15A-1215(a) does not violate Article I,

Section 24. As our Supreme Court has explained, although the subsection "contemplates the substitution of alternative jurors," its constitutionality is preserved by the provision of "two critical safeguards that ensure that the twelve-juror threshold remains sacrosanct." *Id.* at 526, 915 S.E.2d at 100. "Not only does subsection 15A-1215(a) provide that '*in no event* shall more than twelve jurors participate in the jury's deliberations'; it also requires trial courts to instruct juries to 'begin deliberations anew' if an alternate juror is substituted after jury deliberations have begun." *Id.* (cleaned up). This requirement ensures that "the ultimate verdict is rendered by the constitutionally requisite jury of twelve." *Id.* at 527, 915 S.E.2d at 100.

In the instant case, the trial court instructed the jury to begin deliberations anew, as required by N.C. Gen. Stat. § 15A-1215(a). Accordingly, the court's substitution of an alternate juror after the jury had commenced deliberations did not violate Defendant's constitutional right to a jury of twelve.

**C. Review of State's Exhibit 6**

Defendant also contends that the substitution of the alternate juror violated his constitutional right to "a properly constituted jury" because "eleven of the final twelve jurors saw trial evidence that the substituted twelfth juror did not."

1. Standard of Review

"Where [an] error violates a defendant's right to a unanimous jury verdict under Article I, Section 24, we review the record for harmless error. The State bears

the burden of showing that the error was harmless beyond a reasonable doubt." *State v. Wilson*, 363 N.C. 478, 487, 681 S.E.2d 325, 331 (2009) (citation omitted); *see also State v. Wilson*, 192 N.C. App. 359, 369, 665 S.E.2d 751, 756 (2008) ("[A] violation of Article I, Section 24 is subject to harmless error review where the error did not affect the numerical structure of the jury, but rather resulted in jurors acting on unequal instructions from the trial court in reaching a verdict."). "An error is harmless beyond a reasonable doubt if it did not contribute to the defendant's conviction." *Wilson*, 363 N.C. at 487, 681 S.E.2d at 331 (citation omitted).

2. Analysis

After initial deliberations commenced, the jury sent a note to the trial court requesting to review, among other evidence, State's Exhibit 6, which had been admitted during trial but had not been published to the jury. The trial court heard from counsel, excused the alternate juror from the courtroom, and allowed the jury to review State's Exhibit 6 over defense counsel's objection.

After the jury reviewed the exhibit and resumed its deliberations, the court was informed that there was "an issue" with Juror #8. In the presence of counsel, the trial court interviewed some of the jurors who confirmed that Juror #8 was creating an "uncomfortable and unsafe" environment in the jury room. Both attorneys stated they had no objection to excusing Juror #8, substituting the alternate juror, and instructing the jury to begin deliberations anew. After the court excused Juror #8 and substituted the alternate juror, it delivered the following instruction to the jury:

Members of the jury, the alternate has been substituted for the excused juror. You should not speculate about the reason for the substitution. The law of this state grants . . . [D]efendant the right to a unanimous verdict reached only after full participation of the 12 jurors who ultimately return a verdict.

That right may only be assured if the jury begins deliberations anew. Therefore, you must restart your deliberations from the beginning. This means *you should disregard entirely any deliberations taking place before the alternate juror was substituted and consider freshly the evidence as if the previous deliberations had never occurred*.

(Emphasis added).

On appeal, Defendant maintains that "no rational juror would interpret the trial court's above-cited instruction as an order to disregard the factual contents of State's Exhibit #6." Yet, Defendant's argument overlooks the critical fact that, during the trial, all of the jurors—including the alternate—heard testimony regarding the substance of the text messages that comprised State's Exhibit 6. The alternate juror simply did not participate in a review of the exhibit. Thus, the jurors were neither required nor "order[ed] to disregard the *factual contents* of State's Exhibit #6"; all of the jurors were operating with the same set of facts. (Emphasis added).

Furthermore, the trial court explicitly instructed the jurors to "disregard entirely any deliberations taking place before the alternate juror was substituted and consider freshly the evidence as if the previous deliberations had never occurred." "Our system of justice is based upon the assumption that trial jurors are women and men of character and of sufficient intelligence to fully understand and comply with

the instructions of the court, and are presumed to have done so." *State v. Hauser*, 271 N.C. App. 496, 498, 844 S.E.2d 319, 322 (2020) (citation omitted). "Accordingly, we presume that [D]efendant's jury obeyed the trial court's direction to restart deliberations entirely, disregarding any discussion of the case that took place while Juror #[8] was a member of the jury." *Chambers*, 387 N.C. at 527, 915 S.E.2d at 100.

Defendant has not demonstrated "an at-trial violation of his rights under the North Carolina Constitution" due to the substitution of the alternate juror. *Wilson*, 192 N.C. App. at 369, 665 S.E.2d at 756. We therefore conclude that Defendant's constitutional right to a jury of twelve was not violated, and his arguments to the contrary are overruled.

## III. Conclusion

For the foregoing reasons, we discern no error in the trial court's judgments.

NO ERROR.

Judges HAMPSON and MURRY concur.